[No. 3,234.]

## GEORGE DONNER, PLAINTIFF, *v.* CYRUS PALMER, CHARLES A. HAWLEY, DAVID N. HAWLEY, W. A. PALMER, OLIVER W. SPENCER, AND C. B. BRADFORD, DEFENDANTS; H. W. BRADLEY, INTERVENOR.

EFFECT OF JUDGMENT OF SUPREME COURT.—Where there is an intervention in ejectment, and the intervenor and defendants each take separate appeals from a judgment against them, and from an order denying a new trial, a judgment of the Supreme Court, reversing the order of the Court below denying the intervenor a new trial, and directing the Court below to render judgment that the intervenor is the owner of an undivided one fourth of the demanded premises, and to award him possession thereof, is a definitive determination of the rights of the parties, and authorizes the Court below to render judgment in favor of the intervenor, against both the plaintiff and defendants, for the land thus awarded to him, notwithstanding the judgment and order denying a new trial had been previously affirmed on the appeal of the defendants.

JUDGMENT OF SUPREME COURT ON SEPARATE APPEALS IN SAME CASE.— Where there is an intervention in the ejectment, and the defendant and intervenor each take separate appeals from a judgment in favor of the plaintiff, and from an order denying a new trial, the affirmance of the judgment and order on the appeal of the defendant, does not operate to oust the authority of the Supreme Court to afterwards reverse it on the appeal taken by the intervenor from the order denying his motion for a new trial.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The principal facts of this case are found in a report of the same, on the first appeal reported, in 31 Cal. 500.

The intervenor, Bradley, in his complaint, averred that

he was the owner of the undivided one fourth of the demanded premises, and that the defendants unlawfully entered and ousted him. He prayed that he might be allowed to become a party to the action, by joining the plaintiff in claiming the relief which was sought by the complaint, and that he might have judgment for the possession of the land claimed by him from the defendants.

Upon the second trial in the Court below, the plaintiff, on the 20th day of December, 1865, recovered judgment against both the defendants and the intervenor for the demanded premises.

The defendants, on the 21st day of December, 1865, appealed from the judgment and from an order denying a new trial. The intervenor, also, on the twenty-third day of the same month, appealed from the judgment and from an order denying a new trial. On the 15th day of January, 1867, the Supreme Court affirmed the judgment and order denying a new trial on the appeal of the defendants. On the 29th day of July, 1870, the Supreme Court, on the appeal of the intervenor, reversed the judgment and order denying a new trial, as to the intervenor, and remanded the cause, with directions to the Court below to render judgment that the intervenor "is the owner in fee of an undivided fourth of the premises, and awarding him the possession thereof." The Court below, upon the coming down of the remittitur, rendered judgment against both the plaintiff and the defendants, and in favor of the intervenor for an undivided one fourth of the demanded premises. Both the plaintiff and the defendants appealed.

*S. O. Houghton*, for Plaintiff Appellant, and *J. R. Sharpstein*, for Defendants Appellants.

The judgment appealed from is absolutely void. It purports to be based upon a judgment entered in this Court on the 29th day of July, 1870. But the record shows that the

cause in which said judgment purports to be entered was not then pending in this Court; that on the 15th day of January, 1867, a final disposition of said cause was made in this Court by the entry of a judgment which affirmed in all things, without exception or qualification, the judgment of the Twelfth District Court, which covered the entire property involved in the action, and adjudicated every claim thereto which was set up by plaintiff, defendants, and intervenor in said action.

On the 15th day of April, 1867, the remittitur of this Court in said action was filed in said Twelfth District Court, and has never been recalled by this Court. After the remittitur was sent to and filed in the Court below, this Court lost jurisdiction of the cause, and all proceedings had herein subsequent thereto are *coram non judice.* (*Grogan* v. *Ruckle,* 1 Cal. 193; *Mateer* v. *Brown,* 1 id. 231; *Leese* v. *Clark,* 20 id. 387; *Blanc* v. *Bowman,* 22 id. 23; *Rowland* v. *Kreyenhagen,* 24 id. 52; *Martin* v. *Wilson,* 1 Comstock, 240.)

*John Reynolds,* also for Appellants.

The statute provides that the Court shall determine upon the intervention at the same time that the action is decided. (Prac. Act, Sec. 662.) And in view of this provision, the intervenor took his appeal at the same time as the defendants. And when this Court decided the case, and in all things affirmed the judgment, it necessarily determined the intervention. And when the remittitur from this Court was filed in the District Court, the judgment of that Court stood in all things affirmed, and it was the duty of that Court to execute it in all its parts. It was a finality, and especially so in an action of ejectment involving the right of the defendants' possession.

This provision applies as well to this Court as to the District Court. The decision of this Court determines the whole case, and governs the District Court.

*E. A. Lawrence,* for Respondent.

By the COURT:

1. Upon looking into the judgment of the Court below of May 31st, 1871, rendered there upon the return of the cause, we are of opinion that that judgment was rendered in conformity with the mandate of this Court, as contained in the remittitur of July 29th, 1870.

2. There can be no doubt that the judgment rendered here on July 29th, 1870, was a definitive determination of the rights of the parties in the case.

The parties—the plaintiff, the defendants, and the intervenor—were before this Court upon the appeal taken by the latter from the judgment of December 20th, 1865, and from the order denying the motion of the intervenor for a new trial.

The affirmance of that judgment, upon the other appeal taken by the defendants, did not operate to oust the authority of this Court to reverse it upon the appeal taken by the intervenor from the order denying his motion for a new trial. It frequently occurs in practice that a judgment affirmed upon the judgment roll is subsequently reversed through the instrumentality of an appeal taken from an order determining a motion for a new trial, for the proceedings are recognized as being entirely independent of each other.

Judgment affirmed.


RHODES, J., dissenting:

The judgment of the Court below is, in my opinion, erroneous, because the intervenor is not entitled to a judgment against *the plaintiff* for the recovery of the possession of the premises either on the pleadings or on the stipulation. The judgment of this Court on the former appeal reversing the

order denying the intervenor's motion for a new trial may be construed, without doing violence to its language, as ordering judgment that the intervenor recover the possession of the premises from the *defendants*, the only parties, so far as the record showed, who held such possession.