The T. M. R'y Co. and M. N. C. Co. v. Julius Herbeck and Wife.

(Case No. 1666.)

1. PRACTICE IN SUPREME COURT — BRIEFS.— While the supreme court may, of its own motion, notice any fundamental error of law, apparent on the face of the record, parties in preparing their briefs will be deemed to have waived any matter not presented as required by the rules governing practice in the supreme court.

2. NEGLIGENCE.— Whether the parents of a child were guilty of contributory negligence in permitting their child to play at a place where lumber was alleged to have been piled in a dangerous manner, from the fall of which the child died, was a question of fact for the jury, under appropriate instructions from the court.

APPEAL from Webb. Tried below before the Hon. J. C. Russell.

*Horace Chilton*, for appellants.

No briefs on file for appellees.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellees, who alleged that they were husband and wife, and the parents of Annie, a minor, who is alleged to have been killed by the falling of lumber upon her, which was negligently piled in one of the streets of the city of Laredo by the appellants, who are alleged to be separate corporations.

There are many assignments of error found in the transcript which are not presented in the brief, which, however, as is stated in the brief, are not waived.

Rule 29 provides that " The appellant or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on, in accordance with, and confined to, the distinct specifications of error contained in his assignments of error, and such fundamental errors of law as are

apparent upon the record, each ground of error being separately presented, and being numbered as the assignments of error are numbered, and each and every one not so separately presented shall be regarded as abandoned."

This rule regulates this matter, and while the court, of its own motion, may notice any matter fundamental in character not so presented, parties are deemed to have waived any matter not presented as the rule requires.

In this case the matters presented by the brief relate solely to the sufficiency of the evidence to sustain the verdict and judgment.

The petition alleges that the injury was caused by the act of the two corporations in so negligently piling lumber in a public street that it fell and killed their child. The evidence is wholly insufficient to support the allegations in this respect, and this fact is admitted in the statement of counsel for appellees in their indorsement on the statement of facts, to the effect that the statement is not correct, for the reason that it does not contain such evidence, which it is claimed was introduced, as shows the connection of the appellants with the lumber from the fall of which the child was killed, and they give this as a reason for not signing the statement of facts. The judgment was for $1,000, $150 thereof to be paid to Julius Herbeck and the residue to be paid to Magdalene Herbeck, in accordance with the verdict of the jury.

The petition alleged that Julius and Magdalene Herbeck were the parents of the deceased; but, as to Magdalene Herbeck, there is no evidence whatever that she was the mother of the deceased. This was alleged to be true, and was a matter to be proved, and in the absence of such proof a new trial should have been granted.

These matters were brought to the attention of the court in the motion for a new trial, and are assigned as error.

There was evidence to the effect that Julius Herbeck knew it was dangerous for his daughter to be on the street at and about where the lumber was piled, and that he knew she went on the street, and it is urged that the appellees were guilty of contributory negligence in permitting the child to go upon the street under the circumstances. This was a question for the jury under a proper instruction. For the insufficiency of the evidence to sustain the verdict and judgment, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 22, 1884.]