## M. H. LAUCHHEIMER & SONS v. G. Y. COOP.

### No. 1475.   Decided December 11, 1905.

**1.—Appeal—Cross Assignments—Brief—Waiver.**

Cross assignments of error made on plaintiff's appeal by an intervener, were waived by his failure to present them by brief in the appellate court, and the issues so waived were not before the court nor passed on by its judgment of reversal, especially where the opinion stated the only question involved to be that presented by plaintiff's appeal.   (Pp. 389, 390.)

**2.—Appeal Reversal—Entire or Separable Judgment.**

The reversal of a judgment against two or more parties upon the appeal of one of them will not operate as a reversal as to all if the judgments be upon causes of action separate and distinct, in which the parties are severally interested.   (Pp. 390, 391.)

**3.—Same—Intervention.**

For convenience, our liberal practice permits intervention by one who claims the subject of controversy adversely to both parties to the suit; but if the causes of action are distinct the judgments will be independent, and a reversal as to one will not reverse the other.   (Pp. 390, 391.)

**4.—Same—Res Adjudicata—Case Stated.**

One claiming land as his homestead sued to enjoin its sale under execution and a third person intervened claiming it as against both parties under trust deed and conveyance in satisfaction thereof by the plaintiff, but his deed was excluded and a judgment against him in favor of both plaintiff and defendant directed, while judgment in the injunction proceedings went against plaintiff, who appealed and secured a reversal. Intervener filed cross assignments of error but did not brief them and they were therefore not considered.   Held, that the reversal did not affect the judgment as between the intervener and the defendant, and the latter's plea of res adjudicata against intervener's claim, made on a subsequent trial, should have been sustained.   (Pp. 388–391.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Coryell County.

*T. F. Bryan,* for plaintiffs in error.—Intervener Coop having failed to file appeal bond to have the judgment revised, the appellate court had no jurisdiction of the same, and therefore the trial court had no jurisdiction, at a subsequent term, to reopen the matter.   Anderson v. Silliman, 92 Texas, 567; Woeltz v. Woeltz, 93 Texas, 553; Patterson v. Rogers, 53 Texas, 484; Fine v. Freeman, 83 Texas, 529; Jones v. Burgett, 46 Texas, 284; Lovenberg v. National Bank, 67 Texas, 442; National Bank of Claburne v. Carper, 28 Texas Civ. App., 334; Burleson v. Henderson, 4 Texas, 56; Batts' Civ. Stat., art. 1400; Halloran v. Texas & N. O. Ry. Co., 40 Texas, 471; Horter v. Herndon, 12 Texas Civ. App., 637; Muskogee Nat. Tel. Co. v. Hall, 118 Fed. Rep., 382.

*J. H. Arnold,* for defendant in error.—The taking of appellate proceedings by Saunders relieved Coop, his adversary, of taking like action, and brought the judgment which Lauchheimer now pleads as res adjudicata, before the appellate court for revision, upon the complaints

of both or either of them, and either had the right to point out errors in it prejudicial to him and the objections which the appellees or either of them might urge, were not restricted by those pointed out by the other party, but if this were not so, the reversal of said judgment reopened the whole case in the trial court, as well to Coop as the other litigants, as there can be but one final judgment rendered in a case. Sayles' Civil Statutes, art. 1337; Woeltz v. Woeltz, 93 Texas, 548; Brown v. Hudson, 14 Texas Civ. App., 609; Pickett v. Jackson, 38 S. W. 395; Schintz v. Morris, 13 Texas Civ. App., 587; Riggs v. Nafe, 30 S. W., 707; Reed v. Cavitt, 10 Texas Civ. App., 375; McAllister v. Godbold, 29 S. W., 417; Nasworthy v. Draper, 9 Texas Civ. App., 651; Duren v. Houston & T. C. Ry. Co., 86 Texas, 291; Sandovel v. Rosser, 86 Texas, 682; Watkins v. Junker, 4 Texas Civ. App., 632; St. Louis, A. & T. Ry. Co. v. Prather, 75 Texas, 53; Parker v. Adams, 2 Texas Civ. App., 357; Wooters v. Kauffman, 67 Texas, 488; Hamilton v. Prescott, 73 Texas, 566; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 18; Long v. Garnett, 45 Texas, 401; San Antonio v. Dickman, 34 Texas, 650; Martin v. Crow, 28 Texas, 614; Carroll v. Carroll, 20 Texas, 731; Caperton v. Wanslow, 18 Texas, 125; Bradley's Texas Civil Trial and Appellate Proc., pp. 356 and 391; Freeman on Judgments, 1st vol., sec. 333; Freeman on Judgments, 2d vol., sec. 481.

As but one final judgment can be rendered in a case, the appeal of Coop's direct adversary, J. R. Saunders, from the judgment, pleaded by Lauchheimer as res adjudicata, Coop being made a party to such appeal, and the said judgment having been reversed and remanded in its entirety, by operation of law a reversal of the judgment was wrought as to all the parties and issues in the trial court, and the suit was restored to the docket of such court as it was before any judgment was rendered and stood as to all parties, including Coop, and as to all issues, as though no trial had been had. Sayles' Civil Statutes, art. 1337; Woeltz v. Woeltz, 93 Texas, 548; Brown v. Hudson, 14 Texas Civ. App., 609; Pickett v. Jackson, 38 S. W., 395; Schintz v. Morris, 13 Texas Civ. App., 587; Riggs v. Nafe, 30 S. W., 707; Reed v. Cavitt, 10 Texas Civ. App., 375; McAllister v. Godbold, 29 S. W., 417; Nasworthy v. Draper, 9 Texas Civ. App., 651; Duren v. Houston & T. C. Ry. Co., 86 Texas, 291; Sandovel v. Rosser, 86 Texas, 682; Watkins v. Junker, 4 Texas Civ. App., 632; St. Louis, A. & T. Ry. Co. v. Prather, 75 Texas, 53; Parker v. Adams, 2 Texas Civ. App., 357; Wooters v. Kauffman, 67 Texas, 488; Hamilton v. Prescott, 73 Texas, 566; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 18; Long v. Garnett, 45 Texas, 401; San Antonio v. Dickman, 34 Texas, 650; Martin v. Crow, 28 Texas, 614; Caperton v. Wanslow, 18 Texas, 125; Bradley's Texas Civil Trial and Appellate Proc., pp. 356 and 391; Freeman on Judgments, 1st vol., sec. 333; Freeman on Judgment, 2d vol., sec. 481.

Coop's rights in this case being entirely dependent on the rights of J. R. Saunders to the 100 acres of land in controversy, and the judgment determining Coop's rights in and to the 100 acres of land being solely dependent on the judgment determining Saunders' rights in and to the 100 acres of land—Coop failing if it was held to be a homestead, but winning if it was not held to be a homestead—a reversal

of the judgment of the lower court, without restrictions as to any of the parties, on an appeal by Saunders to which Coop and Lauchheimer were both parties, and a granting of a new trial by appellate court on this homestead issue, on which issue Lauchheimer's rights also depended, reversed and reopened the whole case and it was remanded back to the lower court and stood upon its docket as though no trial had ever been had. In such a case a former judgment of the trial court determining an issue between Coop and Lauchheimer became and was only an interlocutory order and subject to the court's control and it was at liberty to set it aside on a retrial of the entire case again, in which instance the last judgment of the court would be considered as its final judgment and this last declaration of the court's judgment would prevail over the former interlocutory orders. Hamilton v. Prescott, 73 Texas, 567; Texas Land and Loan Co. v. Winter, 93 Texas, 560; Parker v. Spencer, 61 Texas, 161; Ogden v. Bosse, 23 S. W. 731; Texas Law Notes Book 3, 1144; Levy v. Gill, 46 S. W., 85; Hume v. Schintz, 40 S. W., 1071; Schintz v. Morris, 13 Texas Civ. App., 587; Wooters v. Kauffman, 67 Texas, 488; Freeman on Judgments, secs. 29, 32 (a), 251, 332, 333; Perkins v. Fourinquet, 6 How., 209; 1st Black on Judgments, 308; 2d Black on Judgments, 509 and 695.

BROWN, ASSOCIATE JUSTICE.—In 1897 Lauchheimer & Sons had a valid judgment against J. R. Saunders upon which they caused execution to be issued and levied upon the land in controversy, and, on April 20, 1897, Saunders filed a petition in the District Court of Coryell County, alleging that the land levied upon under the judgment aforesaid was a part of his homestead and not subject to sale under the execution. He prayed for a writ of injunction against the sheriff of the county, T. F. Bryan, and Lauchheimer & Sons, which was granted, and, on a trial in the District Court, judgment was rendered in favor of Saunders upon his claim for homestead exemption, and also perpetuating the injunction against Lauchheimer & Sons. Lauchheimer & Sons appealed from this judgment to the Court of Civil Appeals, and the case being transferred to the Fourth District, was reversed and cause remanded. On the 19th day of January, 1899, G. Y. Coop, by leave granted by the court, intervened in the cause, alleging in proper form that for a valuable consideration Saunders had at a date prior to the levy of the execution of Lauchheimer & Sons executed and delivered to one Raby, as trustee, a deed of trust to secure a debt due from Saunders to the intervener, Coop, which deed was duly recorded in Coryell County before the levy of the execution in favor of Lauchheimer & Sons. Wherefore Coop alleged and claimed that he acquired a lien upon the land prior to and superior to that of Lauchheimer & Sons. The intervener alleged also that on the — day of April, 1897, Saunders conveyed to him the land in controversy in satisfaction of the debt which was secured by the deed of trust thereon, and prayed for recovery of the land against Lauchheimer & Sons and Saunders. At a trial of the case in January, 1899, upon objection by Saunders and Lauchheimer & Sons, the District Judge excluded from the jury the

deed of trust and the deed from Saunders to Coop, and instructed the jury to return a verdict for Saunders and Lauchheimer & Sons against the intervener, which was done, and judgment was entered that Coop take nothing as against Lauchheimer & Sons and Saunders. Coop made a motion for a new trial, gave notice of appeal and assigned errors to the action of the District Court, but did not file any brief nor appear in the Court of Civil Appeals. Judgment was entered for Lauchheimer & Sons against Saunders upon his claim of homestead, and Saunders gave notice of appeal, gave bond payable to Lauchheimer & Sons and Coop, and assigned errors to the action of the court. The Court of Civil Appeals reversed the judgment and remanded the cause in general terms. The opinion did not discuss in any way the issue between Coop and Lauchheimer & Sons.

In 1901, the case was again tried. The court admitted the deed of Coop, but verdict and judgment were rendered for Saunders against both Lauchheimer & Sons and Coop, again sustaining the claim of Saunders to the homestead. Coop and Lauchheimer & Sons appealed to the Court of Civil Appeals and the judgment of the trial court was reversed and the cause remanded for a new trial. In its opinion the court held that the trial court correctly construed the intervener's deed of trust and deed to be superior to Lauchheimer & Sons' levy, and that the same vested title to Coop to the one hundred acres, if it did not a part of Saunders' homestead, and that the trial court did not err in so instructing the jury, but no judgment was rendered between Coop and Lauchheimer & Sons.

On the 8th day of August, 1902, the case was again called for trial, but, before entering upon a trial, Lauchheimer & Sons filed a plea in which they pleaded the judgment rendered by the District Court on the — day of January, 1899, in favor of them against G. Y. Coop, in bar of the action of the said Coop. Saunders also filed a plea setting up a mutual mistake by including the land in controversy in the deed of trust and in the deed to Coop. The trial again resulted in a verdict sustaining Saunders' claim to the land as a homestead, and Coop and Lauchheimer & Sons again appealed. That judgment was affirmed by the Court of Civil Appeals of the Third District, and, upon writ of error by this court, was reversed and judgment rendered against Saunders and remanded to the District Court for further trial upon the issues between Coop and Lauchheimer & Sons.

July 25, 1904, the case was again called for trial before the district judge, who overruled Lauchheimer & Sons' plea of res adjudicata and entered judgment in favor of G. Y. Coop against Lauchheimer & Sons and Saunders for the land in controversy, from which judgment the appeal now under consideration was prosecuted.

Coop filed cross assignments in the office of the district clerk attacking the judgment rendered against him, but he did not present them to the Court of Civil Appeals in his brief as required by Rule No. 101 for the government of district courts, which reads as follows: "The appellee or defendant in error may file cross assignments with the clerk of the trial court when he files his brief, which assignments may be incorporated in his brief and need not be copied in the transcript. In

such case one of the copies filed in the Courts of Civil Appeals shall contain a certificate of the clerk of the trial court showing that it is a copy of the brief filed in his office, and the date of its filing." By his failure to present the cross assignments of error in a brief in the Court of Civil Appeals he waived that assignment. T. M. Ry. Co. v. Herbeck, 60 Texas, 602. The judgment entered by the District Court against Coop in favor of Lauchheimer & Sons and J. R. Saunders was not before the Court of Civil Appeals, and the fact that the question was not presented in such form as to invoke the action of the court is a strong argument in favor of the construction of the judgment that the court did not pass upon that question. But we need not resort to construction nor presumption to arrive at that conclusion, for the Honorable Court of Civil Appeals in its opinion rendered at the time, uses this language: "The only question in the case is, was the nine acres of land a part of the village or town of Gatesville when the one hundred acres was purchased by appellant? It can not be said as a matter of law that it was or was not; but the question was one of fact to be appropriately submitted to the jury." (57 S. W., 70.) It is therefore manifest that the Court of Civil Appeals did not pass upon the matter now in controversy and its judgment of reversal had no reference to the judgment against Coop.

The controversy is reduced to this question,—did the judgment of the Court of Civil Appeals reversing the judgment of Lauchheimer & Sons against Saunders have the legal effect to reverse the judgment of Lauchheimer & Sons and Saunders against Coop, notwithstanding the latter judgment was not considered by the court? We are of opinion that it did not have that effect. There were two distinct judgments in this case upon distinct causes of action; the judgment reversed did not in any way affect the rights of Coop, which were adjudicated by the judgment between him and Lauchheimer & Sons and Saunders. Burleson v. Henderson, 4 Texas, 60; Bradford v. Taylor, 64 Texas, 171.

In the last case cited the court said: "It has been steadily held, in this state, that the reversal of a judgment against two or more defendants on the appeal of one defendant only will operate as a reversal as to all, if the judgment be entire, operating to the prejudice of all the defendants, and not upon distinct and independent matters in which the several defendants are shown to be separately interested."

The converse of that proposition is true, that the reversal of a judgment against two or more defendants upon the appeal of one of them will not operate as a reversal as to all if the judgments be upon causes of action separate and distinct in which the parties are severally interested.

The rule is specially applicable to the facts of this case. The cause of action which Coop asserted against Lauchheimer & Sons and Saunders was independent of the controversy between Saunders and Lauchheimer & Sons and might have been asserted in a separate suit. The intervention was an independent suit to that extent that if Saunders, the plaintiff in the original suit, had dismissed his case, the intervention would have stood upon the docket as a case to be tried between Coop and the defendants therein. State v. Loan & Trust Co., 81 Texas, 546. For

convenience our liberal practice permits intervention by one who claims the subject of the controversy adversely to both parties to a suit. If, however, the causes of action are distinct, the judgments will be distinct and independent each of the other. State v. New Orleans, 27 La. Ann., 469; Donner v. Palmer 45 Cal., 180.

We conclude that the judgment rendered in the District Court on the 8th day of August, 1899, whereby it was adjudged that G. Y. Coop should take nothing by his intervention against Lauchheimer & Sons and Saunders, remains in full force and effect, and constitutes a bar to the further prosecution of that claim against Lauchheimer & Sons. The claim of Saunders to the homestead was disposed of by the judgment of this court when it was here upon writ of error; and, there being no fact to be ascertained to determine the rights of the parties, it is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and judgment be here entered, that Coop take nothing by his suit, and that Lauchheimer & Sons go hence without day.

*Reversed and rendered.*

### ON MOTION FOR A REHEARING.

The judgment in favor of G. Y. Coop against J. R. Saunders was distinct from the judgment of Coop against Lauchheimer & Sons. Saunders did not appeal, therefore the judgment against him was not before this court and is not affected by our judgment in this case. But to put the matter beyond question, the judgment entered in this cause will be so amended as to limit its effect to the judgment of Coop against Lauchheimer & Sons.

*The motion is overruled.*

Opinion filed February 26, 1906.