### SHAMBURGER v. GLENN et al. (No. 2124.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 14, 1923.)

**1. Appeal and error ⬦1199—Reopening judgment and retrying case as to one party not affected by reversal of judgment held error.**

As in consolidated suit G.'s cause of action to foreclose vendor's lien was separate and distinct from S.'s cause of action to foreclose mortgage and deed of trust as between S. and defendant, judgment for S. left nothing to be adjudicated and on G.'s sole appeal the appellate court had no jurisdiction over the issues between S. and defendant, and, where none of those issues were disturbed by a reversal, it was error for the trial court to reopen the judgment and retry the case as between S. and defendant.

**2. Judgment ⬦217 — Where judgment is rendered on separate causes of action, judgment as to parties not appealing becomes final.**

Where there are separate causes of action, the judgment upon each cause of action is a separate judgment, and where a party appeals from the judgment rendered as against him, and the other parties fail to appeal, the judgment as to the parties not appealing becomes final.

Appeal from District Court, Collingsworth County; J. A. Nabers, Judge.

Suit by C. D. Shamburger against Bob Glenn and others. Judgment for defendants,

and plaintiff appeals. Reversed and rendered.

R. H. Templeton, of Wellington, and Jos. H. Aynesworth, of Wichita Falls, for appellant.

J. E. Brown, Cocke & Gribble, and C. C. Small, all of Wellington, for appellees.

RANDOLPH, J. [1] Appellant filed suit in the district court of Collingsworth county, against J. H. Steelman, one of the appellees herein, to recover upon a note for $1,690.65, and to foreclose a deed of trust and a mortgage. Subsequent to this, appellee Bob Glenn filed suit in said court to recover upon six vendor's lien notes and to foreclose a vendor's lien upon the land in controversy. These suits were, on motion, consolidated, and were tried together. Upon the judgment rendered at that trial, appeal was had to this court, and the judgment was reversed and remanded. 240 S. W. 701. On the second trial in the district court judgment was rendered for appellees, and appellant Shamburger has appealed from that judgment.

Appellant, by his assignments of errors Nos. 1 to 7 inclusive, presents the proposition that the judgment of the trial court was illegal and void in reopening the case as to Shamburger and Steelman after reversal, for the reason that the issues as between those parties had been adjudicated on the former trial, final judgment had been rendered, and no appeal taken therefrom.

The judgment rendered on the former trial was appealed from only by Bob Glenn. The judgment rendered at that trial, as between Shamburger and Steelman, was in favor of Shamburger for the amount of his note and for a foreclosure of his lien reserved in his chattel mortgage on the house. In the opinion rendered by this court, above referred to, the case was reversed because the trial court had refused to give Glenn judgment foreclosing his vendor's lien on the house situated upon the land and in not holding that his vendor's lien was superior to Shamburger's lien on the house given him by Steelman to secure the payment of a note given for lumber with which the house was built. On that appeal this court had no jurisdiction of any of the issues between Shamburger and Steelman. Glenn's cause of action was separate and distinct from Shamburger's. As between Shamburger and Steelman the jury on the former trial had returned answers favorable to Shamburger, and the court rendered the judgment above noted; upon issues and answers, in favor of Shamburger. Not one of these issues was disturbed by the judgment of reversal. As stated above, Glenn's cause of action was to recover judgment on his purchase-money note and to foreclose his vendor's lien; Shamburger was given judgment upon his note for lumber and to foreclose his mortgage lien. The opinion of this court simply held that the house was subject to Glenn's lien, but in no wise did this court assume jurisdiction in any matter affecting the judgment between the parties not appealing, Shamburger and Steelman.

The judgment in favor of Shamburger as against Steelman left nothing to be adjudicated between them; hence it was a final judgment, and should not have been reopened and retried.

[2] Where there are separate causes of action, the judgment upon each cause of action is a separate judgment, and where a party appeals from the judgment rendered as against him, and the other parties fail to appeal, the causes of action being separate and distinct, the judgment as to the parties not appealing becomes final. Burleson v. Henderson, 4 Tex. 60; Bradford v. Taylor, 64 Tex. 171; Boone v. Hulsey, 71 Tex. 176, 9 S. W. 531; Lauchheimer v. Coop, 99 Tex. 386, 89 S. W. 1061, 90 S. W. 1098.

We therefore hold that the trial court erred in reopening the judgment and retrying the case as between Shamburger and Steelman, and, as to appellee Steelman upon Shamburger's cause of action against Steelman, this cause is reversed and rendered.