### KETCH et al. v. WEAVER BROS. et al. (No. 663–4173.)

(Commission of Appeals of Texas, Section A. Oct. 28, 1925.)

**1. Receivers 〰184—Burden on plaintiffs to show assumption of debt by receivers of railroad.**

Where recovery against receivers of railroad was sought because they had expressly assumed to pay debt, burden of proof was on plaintiffs to show such assumption by them.

**2. Judgment 〰19—Recovery against receivers of railroad held unauthorized where evidence showed no assumption of debt by them.**

Where plaintiffs sought recovery against receivers of railroad because they had expressly assumed to pay debt, where there was no evidence that they were authorized under court order appointing them to assume, or that they did in fact agree to pay such obligation, no recovery could be had as against them.

**3. Receivers 〰90—Receivers not bound by contracts unperformed before appointment unless they have adopted them.**

Pleadings and facts *held* to bring case within general rule that receivers are not bound by unperformed contract of railroad whose property was placed in receivership unless they have adopted it.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by T. L. Weaver and another, doing business as Weaver Bros., a partnership, and others, against Frank L. Ketch and others, as receivers of the Wichita Falls, Ranger & Fort Worth Railroad, Frank L. Ketch, individually and as administrator of J. L. Hamon, deceased, and Frank Kell and others. Judgment for plaintiffs against defend-

ant Ketch and another as receivers, and defendant Kell, individually, with judgment over for defendant Kell against receivers and defendant Ketch, individually and as administrator, was affirmed by the Court of Civil Appeals (261 S. W. 380), and the receivers bring error. Judgments against receivers reversed, and cause as to recovery against them remanded.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for plaintiffs in error.

Bullington, Boone & Humphrey and Jno. B. King, all of Wichita Falls, for defendants in error.

BISHOP, J. T. L. Weaver and S. P. Weaver, doing business under the firm name of Weaver Bros., on March 21, 1922, filed this suit in the district court of Wichita county against Frank Kell, Wichita Falls, Ranger & Fort Worth Railroad Company, J. W. Mitchell, and Frank L. Ketch, receivers of said company, and Frank L. Ketch individually, and also as administrator of the estate of J. L. Hamon, deceased. Plaintiffs in their petition alleged that on and prior to May 17, 1920, Frank Kell and J. L. Hamon, who were jointly engaged in the enterprise of building the Wichita Falls, Ranger & Fort Worth Railroad and doing business under the firm name of Hamon & Kell, purchased from them lumber and material which was used in the construction of said railroad; that the purchase price for said material had not been paid; that subsequent to said purchase Frank L. Ketch individually and said railroad company assumed in writing the payment of this debt; that after said assumption said railroad company was placed in the hands of said receivers, who expressly assumed the payment of said indebtedness.

The railroad company, not having been cited, was dismissed from the suit. Issue was joined, and the defendant Kell in his answer sought judgment over against said receivers in case he should be adjudged liable for the debt. The evidence shows that the lumber and material were purchased by Hamon & Kell in May, 1920, that the railroad company, by written agreement, assumed the payment of the account on June 20, 1921, and that the railroad was placed in the hands of the receivers on December 26, 1921. There was no evidence showing that the receivers or either of them were authorized to or did assume the payment of this account.

Judgment was rendered in the district court in favor of the plaintiffs against Frank Kell and the receivers. Judgment was also rendered in favor of Kell against the receivers. Appeal was prosecuted by the receivers only, and the judgment of the district court was by the Court of Civil Appeals affirmed. 261 S. W. 380.

[1, 2] The debt accrued long prior to the appointment of the receivers. The lumber and materials were purchased by Hamon & Kell, who were engaged in the construction of the railroad, and were used for that purpose. From the plaintiffs' petition it appears that recovery against the receivers was sought because they had expressly assumed to pay the debt. The burden of proof was on plaintiffs to show this assumption by them. However, no evidence was offered showing that they were authorized under the order of the court appointing them to assume or that they did in fact agree to pay this obligation. There being no evidence showing assumption, no recovery could be had on this issue tendered by the pleadings.

[3] The railroad company had, by assuming to pay, made the debt its own some six months before the receivers were appointed. The petition does not show in what court receivership was pending. It fails to disclose the nature of the suit or the grounds for the appointment. The powers conferred upon the receivers by the order of the court appointing them are not shown. There are no facts alleged showing that the nature of the receivership was such that the receivers could pay this debt assumed by the railroad company under the order appointing them. No facts are alleged showing that the contract of assumption by the railroad company created an equitable lien upon the funds in the receivers' possession. The pleadings, we think, bring this case clearly within the general rule "that a receiver is not bound by the unperformed contracts of the party whose property is placed in a receivership unless he has adopted them." Tardy's Smith on Receivers (2d Ed.) vol. 1, p. 143; Freeman v. Barry, 63 Tex. Civ. App. 295, 133 S. W. 748; Brown & Sheldon v. Warner, 78 Tex. 543, 14 S. W. 1032, 11 L. R. A. 394, 22 Am. St. Rep. 67.

In the case last cited Justice Gaines makes use of this language:

"The receiver of the property of a raiload is no more the representative of the company than the receiver of the property of a natural person is the representative of such person. Let us suppose, then, that the proprietor of a cotton gin has contracted to gin the cotton of his neighbor at a certain rate, and that before he has performed his contract the property is placed in the hands of a receiver, who is directed to operate it; can it be said that he is liable in damages should he refuse to comply with the contract? Clearly not. He is appointed not to carry out the proprietor's contracts but to manage and preserve the property. So the receiver of a railroad company is no more bound to do a particular thing which the company has contracted to do than he is liable to pay a debt which the company has contracted to pay."

We recommend that the judgments of both the district court and the Court of Civil Appeals against the receivers be reversed, and the cause as to a recovery against them be remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.