**NOBLE et al. v. EMPIRE GAS & FUEL CO.**
(No. 1879.)

Court of Civil Appeals of Texas. Beaumont. Aug. 20, 1929.

Rehearing Denied Oct. 2, 1929.

Maco Stewart, of Galveston, and A. J. De Lange, of Houston, for appellants.

A. D. Dyess, of Houston, for appellee.

WALKER, J. In the case of H. Taylor et al. v. Higgins Oil & Fuel Co. et al., on the docket of the district court of Liberty county, on the 18th day of August, 1924, appellants Lynd and Noble, defendants in that suit, recovered judgment against their codefendant, the appellee here, Empire Gas & Fuel Company, for the sum of $15,679.12, together with certain other relief set out in the judgment. That suit as instituted was an action in trespass to try title by H. Taylor and others against Houston Production Company and others, to recover a small tract of 1.27 acres of land off the east end of the 10-acre tract held under lease by the Houston Production Company. Immediately west of that tract was a tract of 5 acres owned by the appellants, who had leased it for oil development to appellee. Houston Production Company made the claimants of this 5 acres parties defendant, and in the event they lost to plaintiffs claimed the same amount off the east end of the 5-acre tract. Plaintiffs had brought in a producing oil well on the tract they were suing for, and the Empire Gas & Fuel Company, as lessees under appellants, had brought in a producing oil well on the small tract put in controversy by the action of the Houston Production Company against them. On similar pleas the owners of the tracts lying west of the 10-acre tract and the 5-acre tract were made parties defendant in that case. In the final judgment rendered therein on the 18th day of August, 1924, the plaintiffs lost to the Houston Production Company, and judgment was entered against them on the issue of title and also on the issue of improvements made in good faith.

The Houston Production Company having recovered against the plaintiffs, it followed that they had no cause of action against Lynd and Noble and Empire Gas & Fuel Company on its cross-action, and that none of the other defendants had causes of action against their codefendants on their cross-actions. The judgment in favor of Lynd and Noble against Empire Gas & Fuel Company was in response to their plea asking for an accounting for the oil produced by it from the well on their lease. H. Taylor et al. appealed from the judgment against them to this court, where the judgment was in all things affirmed, except on the issue of improvements in good faith between them and Houston Production Company. On that issue the case was remanded for a new trial. The judgment of the trial court in that case was very lengthy, and by express recitations adjusted the claims of all the parties to all the land that had been brought in by cross-action. The plaintiffs, in appealing, superseded the judgment of the trial court, and in affirming the judgment as between the plaintiffs and the Houston Production Company this court affirmed the judgment as rendered between all the other parties to the suit. Writ of error was denied by the Supreme Court against our judgment. Our opinion is reported in 2 S.W.(2d) 288, Taylor v. Higgins, to which we refer for a more particular statement of the claims of the various parties and the relative location of the several tracts of land put in controversy in that suit.

After writ of error was denied, Lynd and Noble called upon Empire Gas & Fuel Company to pay their judgment against it. After continued negotiations, payment was refused. Lynd and Noble then sued out execu-

tion on their judgment, and this suit was brought by appellee, Empire Gas & Fuel Company, against appellants Lynd and Noble and their attorney, and the sheriff to whom execution had been delivered, praying that the judgment against it in favor of appellants be annulled and canceled, and that appellants be forever enjoined from enforcing it. By its preliminary allegations appellee pleaded in detail all the circumstances leading up to the judgment against it, which circumstances are reflected in our statement, as made supra. As grounds for relief against the judgment it raised the following issue by appropriate allegations (this summary is taken from its brief):

"(1) No citation was ever issued or served against the Empire Gas & Fuel Company on the purported cross-action filed against it by Lynd and Noble; no waiver of such service of citation was ever given by the Empire Gas & Fuel Company, and the Empire Gas & Fuel Company never, at any time, entered any appearance in said cause of H. Taylor et al. v. Higgins Oil & Fuel Co. et al., with respect to said purported cross-action of the said Lynd and Noble.

"(2) That the district court of Liberty county is a court of record, and any judgment rendered in said court must be supported by pleadings, and the purported cross-action filed by the said Lynd and Noble against the Empire Gas & Fuel Company nowhere alleged any conversion by the Empire Gas & Fuel Company of the royalty oil belonging to Lynd and Noble, or alleged that said royalty oil was otherwise handled than called for in the oil, gas, and mineral lease from the said Lynd and Noble to the Empire Gas & Fuel Company and contained no prayer for any money judgment against the Empire Gas & Fuel Company.

"(3) That the judgment on said purported cross-action against the Empire Gas & Fuel Company was entered non obstante veredicto, and the district courts of this state are without power to enter such judgment.

"(4) That the purported judgment was wholly unsupported by the evidence, the only evidence that was introduced in support of said cross-action affirmatively showing the quantity of oil that was run to the credit of the said Lynd and Noble by the Humble Pipe Line Company and the amount of money which the said Lynd and Noble were entitled to receive from the Humble Pipe Line Company by reason thereof and there being not one scintilla of evidence in the record in any wise indicating that the Empire Gas & Fuel Company had converted to its own use said royalty oil or any part thereof or had received the proceeds from the sale thereof or any part of such proceeds, and that by reason of each and all of the foregoing undisputed facts the judgment entered in said cause was void ab initio.

"But, in the event each and all of the four propositions above asserted were overruled, then the Empire Gas & Fuel Company said:

"(5) The judgment rendered in this cause on said purported cross-action was rendered on the 29th day of August, 1924, and was not appealed from by either the Empire Gas & Fuel Company or the said Lynd and Noble, and no execution having been issued thereon within the one year provided by law, said judgment was dormant, and by reason of such dormancy, the Empire Gas & Fuel Company was entitled to enjoin the issuance and levy of execution thereunder."

These contentions are advanced by appellee as counter propositions in support of the judgment in its favor.

The appellants answered by general and special denial and by special pleas to the effect that appellee in fact knew of the answer filed against it, or in law was visited with notice of that fact; that it was present by attorney when the final judgment was entered, and knew of the entry of the judgment against it, or in the exercise of ordinary care should have known it, and specially pleaded a letter from counsel for appellee, who represented it in the trial court, wherein counsel admitted that it knew of the judgment, and that appellee had withheld the payment of all royalties due on the well under his advice, and that the judgment was a proper judgment and should be paid. By supplemental petition, and also in its trial petition, appellee admitted that it was furnished with a copy of the judgment against it before the judgment was entered of record; that its counsel read a part of the judgment, but because of its length did not read it all. It also admitted that its counsel, who represented it in the trial court, wrote the letter pleaded by appellants, but pleaded certain facts in explanation of the letter, which it claimed excused its writing.

The case was tried on its merits at a regular term of the district court of Liberty county, Texas, on the 11th day of February, 1929, and judgment was entered in favor of appellee, canceling and holding for naught appellants' judgment against it, and forever enjoining appellants from executing the judgment. It was expressly recited in the judgment that appellee and appellants appeared and announced ready for trial; that the sheriff and appellants' counsel were dismissed from the suit, and that the court considered the pleadings of the parties and heard no evidence whatever on the merits of the case. On this issue the judgment recites, "No evidence having been introduced or heard by the court other than to consider the pleadings in this cause, and the said pleadings, filed papers, and judgments in said cause No. 5837," which was the number of the old case of Taylor et al. v. Higgins et al. Appellants have brought into this court as a part of their record a statement of facts, which is composed entirely of the filed papers in

the old suit; that is, the various petitions and answers, and citations and orders made by the court during the progress of the case.

## Opinion.

We will discuss appellee's counter propositions in the order taken from its brief:

First. It is admitted by appellants that no citation was issued or served upon appellee on their cross-action asking for an accounting, and no contention is made that appellee ever waived service of such notice as it related specifically to this cross-action. But appellants insist, on the admission made by appellee in its pleadings and on the face of the record, that it made its appearance in the case of Taylor v. Higgins at a time and under such circumstances as to require it to take notice of their cross-action. This contention is correct. Appellee specially pleaded that this cross-action was filed in the trial court on the 3d day of March, 1924; that after it was filed it appeared in the case, and a jury was impaneled, but without proceeding further the case was continued, and that it had part in all these proceedings. Judgment entered at the next term of court recited that appellee appeared and announced ready for trial; that it presented certain demurrers, which were overruled, and to which action it excepted; that it appeared on the issues made against it and appellants by the Houston Production Company; that these issues were heard by the court and decreed in its favor, and that the court heard the evidence on appellants' cross-action and entered the judgment complained of. Many other recitations were made in the judgment to the effect that appellee was present in court and took part in the trial.

██ Though appellee pleaded it was not in court when the case was tried, and denied that it took any part in the trial of the case at the last term of the court, and pleaded that it did not know the cross-action was filed, and pleaded further that the cross-action was fraudulently filed against it, no proof whatever was offered on these issues. "It is a well-settled rule of law that a pleading, unsupported by evidence, will avail nothing." Morten Investment Co. v. Trevey (Tex. Civ. App.) 8 S.W.(2d) 527, 531. See, also, Ketch v. Weaver Bros. (Tex. Com. App.) 276 S. W. 676; Hardware Co. v. Lumpkin (Tex. Civ. App.) 150 S. W. 1194; Bridge Co. v. Road District (Tex. Civ. App.) 247 S. W. 674. On the face of the judgment and the admissions made by appellee, it appears, as a matter of law, that it entered its appearance with respect to this cross-action.

██ We are further of the opinion that appellee's concessions showed, as a matter of law, that it had made its appearance, and that proof of its allegations to the contrary would have been inadmissible. Appellee affirmatively pleaded that it appeared in court and took part in the selection of the jury after the cross-action was filed. It is the law of this state that a defendant is not entitled to service of citation on a cross-action filed against him by his codefendant, when he voluntarily appears after the filing of the cross-action and takes part in the trial of the case. In that event the law visits him with notice of all pleadings in which his interests are involved, unless, upon equitable grounds, he is relieved of the legal consequences of his appearance. Appellee pleaded no such relief in this case, and, if it had, offered no proof in support thereof.

In Roller v. Ried, 87 Tex. 69, 26 S. W. 1060, 1062, it was said: "When a new party is made in a case, by which a liability to such new party is asserted against the defendant, or a right or claim to property in controversy adverse to the right of such defendant is alleged by such new party, notice of such changed pleading must be served upon the defendant, *if he has not made appearance in the case.*" Citing this case, Mr. Chief Justice Phillips said, in Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136, 137: "Having entered his appearance in the main case, McKinley was before the court for all purposes, and Doyle was entitled to judgment against him upon his cross-action without the necessity of citation. Roller v. Ried, 87 Tex. 76, 26 S. W. 1060; Vernor v. Sullivan (Tex. Civ. App.) 126 S. W. 641." Citing both these cases, Mr. Justice O'Quinn, speaking for this court in Gregg v. Bank, 235 S. W. 689, said: "A defendant, having entered his appearance in the main case, was not entitled to be served with citation as to a cause of action asserted against him in a cross-action by a codefendant."

In Smith v. Carr, 173 S. W. 602, cited by appellee, the Galveston Court of Civil Appeals said that an appearance by a litigant to ask for a continuance operated as an appearance upon a cross-action on file against him at that time, and required him to answer thereto without the issuance of a citation. In Wood v. Love (Tex. Civ. App.) 190 S. W. 235, 236, another case cited by appellee, in discussing the proposition that a party is entitled to citation on a cross-action filed against him, it was said: "To support a judgment by default the record must show affirmatively either service of process on the defendant, a waiver by him of such service, or *an appearance by him in answer to the adverse party's suit.*"

██ Appellee has cited many authorities to the effect that a judgment by default upon a cross-action, of which the party had no notice, is void. Without reviewing these cases, it is sufficient to say that in each of them the statement is affirmatively made by the court in its opinion that the defendant in the cross-action made no appearance after the cross-action was filed. The leading authority in support of this proposition is Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172, which is

cited by practically all the other authorities. But these cases do not support appellee's proposition that it had made no appearance, and that the judgment against it was void, since, on the face of its pleadings, it conceded that, after the cross-action was filed, it made its appearance on the trial of the case. That the case was subsequently continued was immaterial, as affecting appellee's appearance. Its failure to know, in fact, that the pleading was on file against it, was due, as a matter of law, to its own negligence.

██ As a corollary to this proposition, appellee also asserts that it did not know of the entry of the judgment against it until after the case was affirmed by this court and writ of error denied by the Supreme Court. There are two answers to this contention: (a) Though it pleaded this want of knowledge, it offered no proof in support of its allegations, and therefore the issue, as one of fact, was not raised. (b) Appellee, by its pleadings, conceded the following facts: It was furnished with a copy of the judgment before it was entered; the supersedeas bond was made payable to it as one of the defendants; it approved the statement of facts which contained the evidence offered by appellants in support of their judgment; it appeared by brief in this court in support of the trial court's judgment. These facts, as a matter of law, visited appellee with notice of the entry of the judgment and its ignorance of the fact that judgment had been entered against it was due to its own want of care. Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017.

Second. Appellants' cross-action against appellee was as follows:

"Taylor et al. v. Higgins Oil & Fuel Co. et al.

"Defts. Lynd & Noble file this cross action against their co Def Empire Gas & Fuel Co. & represent.

"I. Lynd & Noble leased the 5 acres described in the answer of themselves and the Empire Gas & Fuel Co. to the latter co. with the agreement the latter would drill said tract which said Co. has failed to do as required in said lease unless the well drilled by it on the strip of 40.46/100 vs. was on said 5 acres and accordingly had forfeited all rights under said lease. Said Empire Gas & Fuel Co. has entered into an agreement with the Houston Production Co. possessor of the land to the East of and adjoining said 5 acres whereunder it (said Empire Gas & Fuel Co.) will retain the right to own and produce oil from the strip of 40–46/100 vs. in dispute between these defts. and the owners on the East and in event Plfs recover said Empire Gas & Fuel Co. will still be protected in its possession and right to produce oil by virtue of its said contract with the Houston Production Co. and in such event these defts would still be entitled to recover 1/6 royalty from all production of oil on said disputed strip—

"Wherefore these defts pray that the equities be adjusted between them and their tenant said Empire Gas & Fuel Co. and the latter in every event be decreed to account to and deliver to these Defts. 1/6 royalty from such disputed strip and for general relief. [Signed] Stewart for Lynd and Noble."

Appellee pleaded the following circumstances calling for this cross-action: It filed a written waiver of service, and entered its appearance upon the cross-action filed by Houston Production Company against it and appellants. Afterwards its attorneys, for it and appellants, filed a joint answer to the Houston Production Company's cross-action. Appellee's lease under appellants required it to begin drilling operations within a specified time. Had the Houston Production Company recovered on its cross-action, then the will brought in by appellee would not have been on appellants' 5 acres. It pleaded that appellants, on its request, waived this ground of forfeiture, and after securing this waiver from appellants it leased the disputed strip from the Houston Production Company on the same conditions prescribed by the lease from appellants.

██ After securing this lease from Houston Production Company, appellee pleaded that it took no further active interest in the trial of the case, because its rights were protected, whatever the result might be. We think the issue thus made by this statement of the attending circumstances required appellants, in order to protect their rights, to secure an attorney to represent their own interests. By its conduct appellee had ceased to have a common interest with appellants, and became, if not their active enemy, at lease indifferent as to the final result. We agree with appellee that the pleading was defective in its allegations; but, in the absence of demurrers, it was sufficient to invoke the jurisdiction of the court to require an accounting by it of the oil produced from appellants' land. The plea was not subject to a general demurrer.

██ Third. The judgment was not entered "non obstante veredicto," as appellee insists in its third counter proposition. Upon conclusion of the evidence, the trial court instructed a verdict against the plaintiffs on the issue of title and improvements in good faith, as these issues related to the small tract of land claimed by them. This instruction had no relation to, nor did it purport to dispose of, the various issues between the defendants as made by their separate cross-actions. On the face of the judgment it appears that neither the court nor the litigants construed the instructed verdict as appellee does in this counter proposition; but the court, having heard the evidence on all the issues made by the pleadings, was of the opinion that no issue of fact was made by any of the cross-actions which required the intervention

of the jury, and with the consent of all the parties disposed of such issues as matters of law. No exception was at the time reserved to the court's action, and hence no error was committed.

Fourth. By this counter proposition appellee attacks the judgment against it on the ground that it was not supported by the evidence. The judgment recited as follows:

"And upon the cross-action of the defendants, Empire Gas & Fuel Co., E. L. Noble and J. H. Lynd, it is by the court further ordered, adjudged and decreed that said defendants, Empire Gas & Fuel Co., E. L. Noble and J. H. Lynd, upon their cross-action, do have and recover of and from the plaintiffs, and also of and from the defendants, (the defendants being then named including the Houston Production Company), and also of and from each and every other party to this suit, the title to and possession of [then follows description of the 5 acre tract of land]. And further it is ordered, adjudged and decreed by the court that said defendants, E. L. Noble and J. H. Lynd, do have and recover of and from the said defendant, Empire Gas & Fuel Company, the sum of fifteen thousand six hundred and seventy-nine and 12/100 ($15,679.12) dollars, with interest thereon from this date at the rate of 6% per annum."

Appellee's proposition is without merit for the following reasons: (a) No evidence was offered to the court to the effect that the judgment as entered was without support in the evidence. (b) Had such evidence been tendered on the trial of this case, it would have been inadmissible.

■■■ That the judgment was without support in the evidence was a proposition available to appellee on the appeal of the original case, and, having negligently failed to avail itself of its legal rights, it cannot now seek relief in a court of equity. In Reast v. Hughes (Tex. Civ. App.) 33 S. W. 1003, 1004, the court said: "A writ of injunction will not be granted to correct errors which might have been corrected by legal remedies. If the judgment was rendered for land not described, appellant should have appealed the case, and had the judgment revised. Railway Company v. Ware, 74 Tex. 47, 11 S. W. 918."

■■■ Fifth. The judgment was not dormant at the time appellants sued out their execution. The judgment was entered on the 29th day of August, 1924, and affirmed by this court and rehearing denied on January 11, 1928, and afterwards writ of error dismissed by the Supreme Court. Within less than a year from that date appellants sued out their execution. We agree with appellants that Shamburger v. Glenn (Tex. Civ. App.) 255 S. W. 815, 816, announces a correct rule where it is said: "Where there are separate causes of action, the judgment upon each cause of action is a separate judgment, and where a party appeals from the judgment rendered as against him, and the other parties fail to appeal, the causes of action being separate and distinct, the judgment as to the parties not appealing becomes final. Burleson v. Henderson, 4 Tex. 60; Bradford v. Taylor, 64 Tex. 171; Boone v. Hulsey, 71 Tex. 176, 9 S. W. 531; Lauchheimer v. Coop, 99 Tex. 386, 89 S. W. 1061, 90 S. W. 1098."

But that rule has application, as between the defendants, only when the cause of action asserted by the one against the other is separate from the plaintiff's cause of action, and where the affirmance or reversal of the plaintiff's cause of action would not affect the judgment as between the defendants. That is not the case here. On the face of the record it affirmatively appears that the Houston Production Company had no cause of action against appellee and appellants on its cross-action against them, unless the plaintiffs recovered against it, and that situation applies to all the cross-actions filed by the defendants against each other. It also affirmatively appears on the face of the record that, had plaintiffs recovered against the Houston Production Company, it would have been entitled, as a matter of law, to judgment against appellee and appellants, and that the oil produced from the land claimed by appellants would have belonged to the Houston Production Company. Therefore the judgment in favor of the Houston Production Company was so related to the judgment against it in favor of appellants and appellee that, had this court reversed the judgment in favor of the plaintiffs as a matter of law, without any cross-assignments by the Houston Production Company against appellants and appellee, and without any cross-assignment by appellee over against appellants, the judgments in their favor would have been reversed. These judgments were all so related that the reversal of one, as a matter of law, would have required us to reverse all others, in order that the trial court, in finally disposing of the issues between the parties, might do justice among them. The supersedeas bond filed by the plaintiffs, to which appellee and appellants and all other defendants were made parties, operated to supersede appellants' judgment against appellee.

For the reasons stated, the judgment of the trial court, canceling and annulling appellants' judgment against appellee, is reversed, and judgment here rendered in favor of appellants, that said judgment is a valid and outstanding judgment in their favor against appellee, and that said judgment is not dormant.