## ECKEL v. FIRST NAT. BANK OF FORT WORTH.

### No. 14431.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 16, 1942.

Rehearing Denied Nov. 13, 1942.

Homer B. Green and Dawson H. Davis, both of Fort Worth, for appellant.

Rogers & Spurlock, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This proceeding involves a garnishment after judgment.

In 1934, V. A. Eckel, the appellant here, was injured in a fire and explosion. He brought suit in the 67th District Court of Tarrant County against R E. Weir and the Lone Star Gas Company. Weir did not answer or defend the suit. Upon trial before a jury, judgment for $15,000 was rendered in favor of Eckel against Weir and the Gas Company, jointly and severally. The Gas Company appealed, but Weir did not. This Court of Civil Appeals reversed the judgment against the Gas Company, remanding the case for a new trial, but left undisturbed the judgment against Weir. Lone Star Gas Company v. Eckel, Tex.Civ.App., 110 S.W.2d 936. Mandate was issued by this court in June, 1938. On November 1, 1938, Eckel entered into a compromise settlement with the Gas Company, executing a release in writing, under the terms of which he was paid $2,753.52, and the sum of $446.48 was paid to the United States Employees Compensation Commission, making a total of $3,200 paid by the Gas Company.

On December 19, 1938, there was entered in the cause then pending an order reading as follows:

"V. A. (Dick) Eckel vs. Lone Star Gas Company, Et Al. Order of Dismissal. December 19, 1938. Upon application therefor by the plaintiff in the above styled and numbered cause to have the same dismissed at the cost of the defendant; and the court having considered said application is of the opinion that the same should be, and it is hereby, dismissed at the cost of the defendant."

On August 12, 1941, Eckel filed in the 67th District Court an application for garnishment, alleging the rendition of the

judgment against the Gas Company and Weir, the appeal by the Gas Company alone and the action of the Court of Civil Appeals, the dismissal as to the Gas Company, that the judgment against Weir is valid, subsisting and wholly unsatisfied, and that the First National Bank is indebted to Weir, and praying for issuance of a writ of garnishment.

The answer of the garnishee revealed that Weir had approximately $287 on deposit with said Bank.

Weir intervened, defending upon the ground that the claim against him had been discharged and released as a result of the compromise settlement between Eckel and the Gas Company.

Upon trial without a jury, the trial court rendered judgment denying Eckel any recovery. The judgment contains numerous findings, among which are: (1) That the dismissal order above mentioned was entered upon application of the Gas Company. (2) That it appears from the oral testimony that Eckel did not intend to include Weir in the release given to the Gas Company. (3) That it is the opinion of the court that regardless of the verbal testimony the release as worded constituted a release of the entire cause of action and all claims of any kind or character whatever, judgment or otherwise, and therefore constituted a release as to Weir.

The statement of facts contains a stipulation to the effect that Eckel and his attorneys, prior to the execution of the release, objected to the inclusion of the name of Weir in the release, and specifically stated to the attorney for the Gas Company that Eckel was not waiving any of his rights against Weir, and that the judgment against Weir was not being released, and that it was thereupon agreed that Weir's name should be stricken from the release. One of Eckel's attorneys, and the attorney for the Gas Company, also testified to the same effect. The latter also testified that Weir was not consulted about the settlement.

The release purports to release only the Gas Company, but it does not contain any express reservation of rights against Weir. It recites that it is considered doubtful by the parties to the release whether any liability exists on the part of the Gas Company, and that it is not to be considered as an admission of liability.

It is first necessary to consider the status of the judgment against Weir, which was left undisturbed by the ruling of the Court of Civil Appeals.

Art. 2211, R.C.S., Vernon's Ann.Civ.St. art. 2211, which is now Texas Rules of Civil Procedure, Rule No. 301, provides in part: "Only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by law."

■ But it has long been the law that in a proper case the appellate court may reverse a judgment as to certain of the parties, and may affirm it or leave it undisturbed as to other of the parties. 3 Tex. Jur. 1148-1161.

Appellee, without citing any case so holding, argues that in such situation the judgment which is left undisturbed becomes a mere interlocutory judgment, which will not support the issuance of execution or other process, and which is subject to such action, including dismissal, as the court may take with reference to the entire case. The decisions cited by appellee are either those which hold that a failure to dispose of all parties in a judgment prevents it from becoming a final judgment, or those which hold that a trial court may not grant a new trial as to some of the parties, and at the same time render a final judgment as to others.

■ It is our view that in those cases where the appellate court is authorized to reverse the judgment as to some of the parties, and to leave it undisturbed as to the other parties, the judgment becomes final as to the latter. Upon failure of Weir to appeal, the judgment became final as to him, and the action of the Court of Civil Appeals in no way altered the finality of the judgment against Weir. The legal consequences of the ruling of the Court of Civil Appeals were somewhat the same as if there had been a formal severance of the suit against Weir from that against the Gas Company. Execution could have issued against Weir. It was not necessary that he be named in any subsequent judgment against or for the Gas Company. The suit against him had already been disposed of. The judgment of dismissal affected only the cause of action then pending against the Gas Company. The court had no authority to dismiss the suit against Weir, because final judgment had already been rendered therein.

At the time of the compromise settlement, Eckel's claim against Weir had become merged into the final judgment. The

claim had become liquidated. His claim against the Gas Company was still an unliquidated demand, represented by the pending suit.

We consider that the views just expressed are supported by the following cases: Rotsky v. Kelsay Lumber Company, Tex.Com.App., 228 S.W. 558, holding adopted by the Supreme Court; Shamburger v. Glenn, Tex.Civ.App., 255 S.W. 815; Adams v. Houston Nat. Bank, Tex. Com.App., 1 S.W.2d 878, holding approved by Supreme Court; Noble v. Empire Gas & Fuel Co., Tex.Civ.App., 20 S.W.2d 849, affirmed in Empire Gas & Fuel Co. v. Noble, Tex.Com.App., 36 S.W.2d 451; Wyatt v. Knutson, Tex.Civ.App., 265 S.W. 420; M. H. Lauchheimer & Sons v. Coop, 99 Tex. 386, 89 S.W. 1061; Id., 99 Tex. 386, 90 S.W. 1098; Danner v. Walker-Smith Co., Tex.Civ.App., 154 S.W. 295, writ dismissed; Compton v. Jennings Lumber Co., Tex.Civ.App., 295 S.W. 308, writ dismissed.

We invite especial attention to the situation presented in the case last cited.

■ The general rule as to the effect of the release of one of several joint tortfeasors is thus stated in 36 Texas Jurisprudence:

"The release of one joint tort-feasor operates as a release of all, provided that the release is an unqualified one and that the consideration was received as full compensation for the injury suffered." Page 822.

"* * * a release of one joint tortfeasor or a discharge of his liability will not operate as a release of the others where the instrument clearly shows that such was not the intention of the parties thereto." Page 825.

The statement of the rule in Volume.IV of Restatement of the Law of Torts, § 885, is as follows: "A valid release of one tort feasor from liability for a harm, given by the injured person, discharges all others liable for the same harm, unless the parties to the release agree that the release shall not discharge the others, and, if the release is embodied in a document, unless such agreement appears in the document."

A comprehensive statement of the rules will be found in Hunt v. Zeigler, Tex.Civ. App., 271 S.W. 936, affirmed in Tex.Com. App., 280 S.W. 546.

From the cases cited in the annotation in 80 A.L.R. 477, it appears that there is a direct split of authority on the question of whether parol evidence may be introduced to show that the parties to the release did not intend that all of the tort-feasors should be released. There is language in some of the Texas decisions indicating that the release itself must show a reservation of rights against those not expressly released. Elston v. City of Panhandle, 121 Tex. 553, 50 S.W.2d 1090, and Pennington v. Bevering, Tex.Com.App., 17 S.W.2d 772. Such is the rule as announced in Restatement of the Law of Torts, cited supra.

■ However, it was specifically held by this court in Pennington v. Bevering, Tex.Civ.App., 9 S.W.2d 401, and by the Dallas Court of Civil Appeals in Pearce v. Hallum, 30 S.W.2d 399, that parol evidence is admissible to show that the parties did not intend to release those not participating in the settlement. Writs of error were refused by the Supreme Court in both cases. Both courts based their holdings upon the proposition that the rule excluding parol or extrinsic evidence to vary or contradict a written instrument has no application to controversies, except those between the parties to the instruments, and their privies.

We conclude that our Supreme Court, by refusing writs of error in the two cases just cited, has established the rule which should be followed in Texas.

■ The finding of fact by the trial court in his judgment, which is supported by the evidence, is that Eckel and the Gas Company, the parties to the release, did not intend to release Eckel's claims against Weir.

It is not necessary to undertake to determine the extent to which the general rules mentioned above are applicable to the situation here, where Eckel's claim against Weir, at the time of the settlement, had been reduced to final judgment and had become a liquidated demand for $15,000, and where his claim against the Gas Company was yet an unliquidated demand.

■ The judgment against Weir should without doubt be credited with the amount received by Eckel from the Gas Company.

The judgment of the trial court is reversed, and the cause is remanded to the trial court, with instructions to render judgment in favor of plaintiff Eckel against the garnishee for the amount shown in the answer of the garnishee, to render judg-

780

ment against the intervener Weir, to allow the garnishee the attorney's fee provided for in the judgment heretofore rendered, to tax all costs of the trial court, including the fee allowed to the garnishee's attorney, against the fund impounded by the garnishment writ, to adjudge that the payment by the garnishee to plaintiff of said sum be in full satisfaction of the garnishee's liability therefor to the intervener Weir, and to adjudge that the amount so paid by the garnishee to plaintiff after deduction of the costs therefrom shall constitute a credit on the judgment rendered in favor of Eckel against Weir in cause No. 12158–A. The costs of appeal are taxed against Weir.

Reversed and remanded with instructions.