**ZIEGLER et al. v. HUNT.  (No. 591—4416.)***

(Commission of Appeals of Texas, Section B.
Feb. 10, 1926.)

I. **Appeal and error ⬾565—Statement of facts
must be first filed in trial court to be considered by Court of Civil Appeals.**

The statement of facts must be first filed
in the trial court, otherwise it will not be considered by the Court of Civil Appeals.

2. **Appeal and error ⬾564(3)—District court
may permit filing of statement of facts after
expiration of 90 days after perfecting of appeal if filing of transcript not delayed (Rev.
St. 1911, arts. 1608, 2073, 2074).**

Under Rev. St. 1911, arts. 1608, 2073, 2074,
district court may permit filing of statement
of facts subsequent to expiration of 90 days
after perfecting of appeal, if such filing does not
delay filing of transcript in the Court of Civil
Appeals within time prescribed by law.

3. **Appeal and error ⬾564(2)—Statement of
facts may be filed in Court of Civil Appeals
after 90 days subsequent to perfecting of appeal, where lawfully filed in district court
(Rev. St. 1911, arts. 1608, 2073, 2074).**

In view of Rev. St. 1911, arts. 1608, 2073,
2074, where a statement of facts is lawfully filed
in the district court, it can be filed in Court of
Civil Appeals after 90 days subsequent to perfecting of appeal.

4. **Appeal and error ⬾985—Discretion of district court and Court of Civil Appeals in permitting late filing of statement of facts not
disturbed.**

The district court and Court of Civil Appeals being authorized to exercise their discretion in permitting filing of statements of facts
after expiration of 90 days from perfecting of
an appeal, Supreme Court will not disturb their
action.

Error to Court of Civil Appeals of Fourth
Supreme Judicial District.

Action by William Ziegler and others
against Jesse R. Hunt. Judgment for plaintiffs was reversed and judgment rendered by
the Court of Civil Appeals (271 S. W. 936),
and plaintiffs bring error. Affirmed.

McCollum Burnett, Perry J. Lewis, H. C.
Carter, and Randolph Carter, all of San Antonio, for plaintiffs in error.

Birkhead, Lang & Beckmann, Barrett &
Barrett, and Hitzfield & Lynch, all of San
Antonio, for defendant in error.

POWELL, P. J. This case is stated fully
by the Court of Civil Appeals in its opinion,
reported in 271 S. W. 936. We think that
court has written a very able opinion on the
merits of this case and correctly decided
those issues. We do not think we could improve the opinion in these respects, so we
content ourselves by referring to it as our answer to many of the contentions contained in

the application for writ of error. We think
any other conclusion would do the greatest
violence to thoroughly established rules of
law and justice.

The writ was granted to settle "an apparent conflict" between this decision and those
of other courts upon a practice question. In
this case, the statement of facts was filed in
the district court three days after the expiration of 90 days after the appeal was perfected. When it was presented to counsel for
plaintiffs in the district court, they refused
to approve it; but the district judge did so.
He signed it and ordered it filed as a part of
the record in this cause. The clerk then put
his file marks on the statement of facts.

After the statement of facts was filed in
the district court on October 11, 1924, counsel for Hunt asked permission of the Court
of Civil Appeals for the filing thereof, as well
as the transcript, in that court. Both instruments were presented in that court at the
same time, but long after the expiration of
90 days subsequent to the perfecting of the
appeal. But, for what the Court of Civil Appeals deemed a good cause shown, it permitted the filing of both papers. They were
filed contemporaneously by the clerk of that
court on November 26, 1924. Counsel for appellees in that court made a motion to strike
out the statement of facts. This motion was
overruled by that court without a written
opinion. It is now contended that this action is in conflict with other decisions as
aforesaid. Properly interpreted, we do not
believe there really is any conflict, although
certain language in some of the decisions of
the Courts of Civil Appeals might be construed as being in conflict with this decision.
This precise situation has not been before the
courts heretofore.

[1] The exact contention is that there is
no authority for either the district court or
the Court of Civil Appeals to permit the filing of a statement of facts later than 90 days
after the perfecting of an appeal. In the
first place, the statement of facts must be
filed in the trial court. Otherwise, it will not
be considered by the Court of Civil Appeals.
This is well settled. The statute requires its
filing there first. Under the law, when must
it be filed in the trial court? As stated by
Chief Justice Brown in the case of Heflin v.
Railway Co., 155 S. W. 188, 106 Tex. 23, the
only absolute limitation upon its filing by the
district court is that it "shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of
record, in the appellate court within the time
prescribed by law." Article 2073, Revised
Civil Statutes of 1911.

Article 1608, Revised Statutes of 1911, provides when a transcript may be filed in the
Court of Civil Appeals. That article reads:

"In any appeal or writ of error as provided
for in this chapter, the appellant or plaintiff in

error shall file the transcript with the clerk of the Courts of Civil Appeals within ninety days from the performance of the appeal or service of the writ of error; provided, that, for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

In view of this last-quoted article of the Statutes, counsel for plaintiffs in error here admit that the Court of Civil Appeals had a right to authorize the filing of the transcript as it did. But they say this is not true with reference to the statement of facts. This contention is made despite the fact that the filing of the transcript in the Court of Civil Appeals was not delayed by the contemporaneous filing there of the statement of facts.

[2] So, it would seem from article 2073, read in connection with article 1608, that the district court can file a statement of facts just so long as such filing does not delay the filing of the transcript in the Court of Civil Appeals within the time prescribed by law. That time, under the statute, is indefinite and elastic. Generally, it must be within 90 days after the perfecting of an appeal. But it may be subsequent to that time. All of those conditions are prescribed in the same statute. But if there could be any doubt as to the authority of the district judge in this case, under article 2073, to file this statement of facts as he did, then article 2074, Revised Statutes of 1911, shows clearly it was the intention of our lawmakers that he should have this latitude. That article reads as follows:

"Whenever a statement of facts shall have been filed after the time prescribed by law, and the party tendering or filing the same shall show to the satisfaction of the Courts of Civil Appeals that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time in this chapter prescribed for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the Courts of Civil Appeals shall permit said statement of facts to remain as part of the record, and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time."

This chapter of our statutes, from which we have just quoted, refers to practice in the district and county courts. This very article, read in connection with article 2073, shows that, so long as the Court of Civil Appeals is not delayed in filing the transcript, the trial court, for satisfactory cause, may permit the filing of a statement of facts in that court. If lawfully filed by the district court, then, unquestionably, the Court of Civil Appeals can file it late just the same as it does a transcript. This is definitely decided by Chief Justice Brown in the case of Heflin v. Railway Company, supra. In that case, the statement of facts was filed within the 90 days in the trial court, but was not presented to the Court of Civil Appeals at Amarillo until long after the 90 days. Counsel, opposing the filing thereof in the Court of Civil Appeals, contended that there was no law authorizing the filing of the statement of facts after the 90-day period. In other words, the statement of facts was different from the transcript, which they admitted could be filed in the discretion of the court. The Court of Civil Appeals certified the question to the Supreme Court, and it was answered in the affirmative. The filing was allowed. We quote from the opinion as follows:

(1) "It will be seen that the statement of facts is made a part of the record and the only absolute limitation as to the time of filing is 'but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law.' Originally, the statement of facts was incorporated into the transcript, now it may be separately prepared, but it must accompany the transcript to the Court of Civil Appeals as 'a part of the record,' as expressed in article 2070, 'and the original thereof (statement of facts) shall be sent up as a part of the record in the cause on appeal.' When the statement of facts is embraced in the transcript it is filed as a part of the record. When it is made separately from the transcript, it must go to the Court of Civil Appeals with the transcript as 'a part of the record.'"

(2) "We are unable to comprehend a distinction which would excuse a failure to file the transcript, yet would not excuse a failure to file the statement of facts which is required to accompany the transcript and, as a general rule, could not be received if not in company with the transcript except by leave of the court."

(3) "We answer the question certified that, whatever will excuse delay in filing the transcript will be sufficient to excuse the same delay as to the statement of facts, when filed in time, it being a part of the record."

[3] The Supreme Court authorized the filing in the Heflin Case without even resorting to article 2074, which we have heretofore quoted and which seems to us to be in point. We think that where a statement of facts is lawfully filed in the district court, it can unquestionably be filed in the Court of Civil Appeals after 90 days subsequent to the perfecting of the appeal in the district court.

As already indicated, we do not think the Court of Civil Appeals in this case is really in conflict with other courts in this state. We know it is not in conflict with any decision of our Supreme Court or either section of the Commission of Appeals. It is not in conflict, in our judgment, with any Court of Civil Appeals. We say this for the reason that those courts did not have before them the same facts which are here presented. Furthermore, this question was treated, if at all, only as obiter dicta. But even if one or two of the Courts of Civil Appeals have held

to the contrary, then we think they were in error in so doing.

[4] We have before us a case where an emergency existed. The district court and Court of Civil Appeals each, in the exercise of their discretion, have filed the statement of facts. We would not disturb this action where, as we do, we are of the view that the law authorized the exercise of this discretion on their part. We are not in sympathy with iron-bound or rigid rules of law which do not permit the courts to meet emergencies arising in the practice of the law. When left alone, the courts have always adopted elastic rules which render inequities impossible. In this instance, we think the Legislature has joined hands with the courts, by reason of the articles already mentioned, and taken care of equities arising in emergencies. These unusual situations develop every now and then, even where men are diligent, and lawyers are required to ask relief. The courts are necessarily infinitely more concerned in the substance of the law than its mere form as related to procedure.

As said by Chief Justice Brown, there is no more reason for allowing the delayed filing of a transcript than a statement of facts. If one is permitted, the same reasons would seem to demand the other.

We think the judgment of the Court of Civil Appeals should be affirmed. We so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.