### PENNINGTON v. BEVERING et al.
(No. 11994.)

Court of Civil Appeals of Texas. Fort Worth.
July 7, 1928.

Rehearing Denied Sept. 29, 1928.

402

Fitzgerald & Hatchitt, of Wichita Falls, for appellant.

Allred & Allred, of Wichita Falls, for appellees.

DUNKLIN, J. On April 8, 1922, this court rendered a final judgment in favor of A. H. Bevering and M. L. Hooker against J. Fred Smith, Ross Corlett, and Harry Pennington, jointly and severally, for the sum of $30,994.-44, with interest thereon from June 18, 1921, at the rate of 10 per cent. per annum, together with costs of suit. On June 1, 1925, A. H. Bevering and M. L. Hooker, for a consideration of $1,000 then paid by Ross Corlett, released the latter from further liability on said judgment, and as evidence of such settlement executed to him the following release:

"Whereas, in a suit of A. H. Bevering et al. v. J. Fred Smith et al., formerly pending in the district court of Clay county, Texas, being cause No. 4370, judgment was originally rendered in said cause, dismissing said suit and discharging the defendants therefrom; and,

"Whereas, the plaintiffs in said case appealed the same to the Court of Civil Appeals of the Second Supreme Judicial District of Texas, at Fort Worth, and by judgment entered by said court on April 8, 1922, the judgment of the district court of Clay county, Texas, was reversed, and judgment there rendered for the plaintiffs for the sum of thirty thousand nine hundred four dollars and 44/100 cents, and for the recovery of all costs incurred in said case, which judgment was rendered against the defendants, J. Fred Smith, Ross Corlett and H. Pennington; and

"Whereas, thereafter judgment was rendered by the district court of Clay county, Texas, in accordance with said judgment of the Court of Civil Appeals; and

"Whereas, because of insolvency of the defendants, the plaintiffs have been unable to collect any part of said judgment; and,

"Whereas, all of said defendants are at this time insolvent, and the plaintiffs are unable to make any part of said judgment out of them, or any of them; and,

"Whereas, Ross Corlett, one of said defendants, has offered, at the instance and request of the plaintiffs in said judgment, to arrange to borrow the sum of one thousand dollars and pay to the said plaintiffs in cash, in consideration of the said plaintiffs agreeing to accept said payment of one thousand dollars by said Ross Corlett as full, final, and complete payment and satisfaction of said judgment, in so far as the said Ross Corlett is concerned:

"Now, therefore, know all men by these presents, that we, A. H. Bevering and M. L. Hooker, the plaintiffs in the above-entitled judgment, and the owners and holders of the same at this time, for and in consideration of the insolvency of said defendants, and of the said Ross Corlett, and of the fact that the said Ross Corlett has arranged and borrowed the sum of one thousand dollars, and this day paid the same to us, do hereby release and discharge the said Ross Corlett from any and all other and further liability of every kind and nature to us by reason of said judgment, and do hereby release and discharge said judgment in so far as the said Ross Corlett or his heirs are concerned, and do hereby further discharge and release any and all judgment liens that may be filed and existing in any county in the state of Texas by reason of said judgment, in so far as the said Ross Corlett, and any property that he now has or may hereafter acquire, is concerned, and do hereby state and declare that the payment to us of said sum of one thousand dollars by the said Ross Corlett, under the circumstances hereinabove stated, is a full and final payment and settlement of all matters between us and the said Ross Corlett, and we, the said plaintiffs in the above-mentioned judgment, do hereby covenant to and with the said Ross Corlett at this time, and under the circumstances hereinabove stated, we will at all times hereafter protect, indemnify, and hold the said Ross Corlett harmless against any and all claims and demands of every kind

and character that may be made by us, our heirs, or any person claiming by, through, or under us, or either of us, on account of the judgment hereinabove mentioned. .

"Witness our hands this the 1st day of June, 1925.                    A. H. Bevering.
"M. L. Hooker."

On June 20, 1927, Harry Pennington instituted this suit against A. H. Bevering and M. L. Hooker, for a decree of court declaring the judgment theretofore rendered against him and Ross Corlett and J. Fred Smith liquidated and settled in full as to all of the defendants therein, by reason of the settlement so made with Ross Corlett. There was a further prayer for a writ of injunction, perpetually enjoining A. H. Bevering and M. L. Hooker, the owners of such judgment, from in any manner attempting to enforce the collection of the same. The former judgment and release to Ross Corlett were specially pleaded, and copies thereof were attached to the plaintiff's petition. The case was tried before the court without a jury, and this appeal has been prosecuted by Harry Pennington, the plaintiff, from a judgment of the trial court denying him the relief prayed for.

In addition to a general demurrer, defendants specially pleaded that, at the time of the release given to Ross Corlett, there was no controversy or dispute between the parties as to the amount then owing on the judgment, and that the sum paid by Corlett was not a sufficient consideration in law for the release of the entire judgment. Another special pleading was that, at the time of the execution of the release, it was orally understood and agreed between the defendants and Ross Corlett that the release should operate only to discharge Ross Corlett, and that the defendants reserved the right to enforce the judgment against Harry Pennington and J. Fred Smith for the unpaid balance of said judgment, after crediting thereon the $1,000 paid by Corlett. Defendants further pleaded that the judgment was a joint and several liability on the part of Harry Pennington, Ross Corlett, and J. Fred Smith, and that the release of itself did not have the effect in law or fact to release Pennington and Smith from further liability thereon.

There was a further plea that after the execution of the release, and on the 14th of August, 1925, defendants executed a release of the judgment in so far as the same affected J. Fred Smith, because he was then insolvent and had been adjudged a bankrupt, and the release as to him was executed in order to clear up and remove cloud from title of the property he then owned, and in which said release it was expressly stipulated that the same should not operate as a release of the other defendants in said judgment.

Upon the trial of the case A. H. Bevering testified that, when Ross Corlett wanted to obtain a release from the judgment, he told the witness that he was broke, and with that judgment hanging over him he could do nothing. Witness further testified that Corlett then offered to execute his note, payable two or three years after date, which offer the witness declined. Later witness consulted a lawyer, to ascertain whether or not Corlett could be released without releasing Harry Pennington also, and was advised that could be done. Witness further testified that, at the time the release was executed to Corlett, he had no intention of releasing Harry Pennington, and that it was understood between him and Corlett that Pennington would not be released.

The defendant M. L. Hooker testified as follows:

"At the time that release was executed, it was understood between Ross and me that we didn't release anybody but Ross Corlett. We talked it over considerably. I told him Harry Pennington was in the oil business, and would make some money, and we would get ours. I did not have any intention to release the plaintiff, Harry Pennington, from that judgment."

■ The testimony of those two witnesses was objected to by plaintiff, Pennington, on the ground that it was hearsay, and that the admission of it was in violation of the parol evidence rule, in that it tended to vary the terms of the written release, on the further ground that there was no plea that the parol understanding and agreement between the parties testifying was omitted from the written release through fraud, accident, or mistake, and on the further ground that Harry Pennington, the plaintiff, was not present at the time the purported agreement was made. By proper assignments of error, the correctness of the rulings of the court in admitting that testimony over those objections is challenged.

In Vander Stucken v. Willoughby (Tex. Civ. App.) 242 S. W. 478, the following is said:

"The rule as to the exclusion of oral testimony to contradict or vary the terms of a written contract is applicable only as between the parties to such contract. A stranger to such written instrument is not bound by its terms, and therefore he cannot hold other parties bound by the same. Johnson v. Portwood, 89 Tex. 249, 34 S. W. 596, 787; Jarvis v. Matson, 52 Tex. Civ. App. 170, 113 S. W. 328; 22 C. J. 1292, 1293; 10 R. C. L. 1020."

To the same effect is O'Shea v. N. Y. C. & L. Ry. Co., 105 F 559, 44 C. C. A. 601; 1 Greenleaf on Evidence (16th Ed.) § 279; Millican v. Anderson (Tex. Civ. App.) 294 S. W. 921. We believe the rule announced in those authorities is applicable here, and accordingly the assignments of error now under discussion are overruled.

By other assignments it is insisted that the release in favor of Ross Corlett, one of the joint and several judgment debtors, operated in law as the release of the other judgment debtors, independently of the testimony, point-

ed out above, tending to show a parol agreement that the same should not operate to release Harry Pennington and J. Fred Smith. Appellant also points out a statement by the trial judge as a qualification to one of the bills of exception to such testimony, to the effect that in rendering judgment he gave faith and credit to that testimony. The point is also made that in defendants' answer, as ground for relying upon the parol agreement testified to, they alleged that the release executed to Ross Corlett was uncertain as to whether or not the other judgment debtors were intended to be released. Such authorities as 21 C. J. 1098 and 1140, and Tatum v. Orange & N. W. Ry. Co. (Tex. Civ. App.) 198 S. W. 348, are cited by appellant to show that the parol evidence rule is applicable to releases as well as to other kinds of written contracts. In support of the contention that the release to Ross Corlett had the legal effect to release the other judgment debtors as well, appellant relies upon such authorities as Blake v. K. C. So. Ry. Co., 38 Tex. Civ. App. 337, 85 S. W. 430; Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623; Hunt v. Ziegler, 271 S. W. 936, by the Court of Civil Appeals at San Antonio, approved by the Commission of Appeals in 280 S. W. 546. In all of those cases it was held that the releases involved in those suits of one joint tort-feasor had the legal effect to release the other tort-feasor as well.

■ Of course, the release now under discussion must be construed according to the rule for the construction of other contracts, and the burden was upon the plaintiff, Harry Pennington, to show that it was a full settlement of the entire judgment as to all of the judgment debtors. That instrument contains no stipulation that the entire judgment was settled, and the inference indulged by the appellant, to the effect that it was the intention of Bevering and Hooker to release the judgment as against Pennington and J. Fred Smith, as well as against Ross Corlett, is conclusively rebutted by the stipulation, occurring in three different instances, to the effect that it was a final satisfaction of the judgment in so far as Ross Corlett was concerned, thus expressly limiting the settlement to him.

■ It is insisted, further, that the rule applicable to a release of one joint tort-feasor is applicable also to a release of one joint judgment debtor, and in support of that proposition appellant cites 34 C. J. p. 700. It is quite well settled that a release of one jointly liable with another, either for a tort or debt, will be construed as a settlement of the entire claim, when the language of the contract of settlement can be reasonably so construed.

■ It is equally as well settled that a contract of settlement with one of two or more joint obligors for debt or tort, either before or after such obligation has ripened into a judgment, which releases him from further liability, will be construed merely as a covenant not to hold him further liable, rather than as a full settlement of the claim, whenever it appears that the releasor did not intend to release the other joint obligors, but reserved the right still to hold them liable as if no such release had been executed. Those rules of decision are fully recognized and followed in the decisions cited by appellant, and appellees cite many of the same decisions, together with others of like import, such as Lipe v. Webster (Tex. Civ. App.) 278 S. W. 246. The opinion of this court by Chief Justice Conner in Ft. Worth Gas Co. v. Bragg (Tex. Civ. App.) 297 S. W. 244, which reviews the authorities at length, is cited by both parties to this appeal.

In Thomas v. Pugh (Tex. Civ. App.) 6 S. W.(2d) 202, by this court, it is pointed out that in the case of Blake v. K. C. So. Ry. Co., 38 Tex. Civ. App. 337, 85 S. W. 430, wherein a compromise settlement with one of the defendants was held to be a full settlement as to the other joint tort-feasor, the judgment approving the compromise recited that it was a settlement "of all the matters in controversy in this suit." And in Hunt v. Ziegler, by the Court of Appeals, and affirmed by the Supreme Court in 280 S. W. 546, it was held that a compromise settlement with one tort-feasor was a settlement as to other tort-feasors as well, but the judgment approving the settlement expressly recited that it was in full settlement of the "cause of action." Other authorities cited by appellant are distinguishable from the present suit for like reasons; the test in all instances being the proper construction of the compromise agreement or of the judgment approving the compromise settlement, as the case may be.

■ Accordingly we conclude that, aside from the parol evidence introduced to support the plea of contemporaneous oral agreement between the parties, the instrument by its terms fails to show that the release was a satisfaction of the judgment against appellant, as well as Ross Corlett. The judgment of the trial court will therefore be affirmed, irrespective of the fact that the trial judge based his conclusion, in part, upon the parol testimony of the alleged contemporaneous parol agreement. Nor was appellees' right to rely upon our construction of the contract prejudiced in any manner by their pleadings, referred to above, to the effect that the written release did not fully express a reservation of their right to look to the other judgment debtors for the payment of the judgment, since appellees rely upon the terms of the instrument, as well as upon the oral agreement, and they had the right to plead inconsistent defenses.

For the reasons stated, the judgment of the trial court is in all respects affirmed.