**PENNINGTON v. BEVERING et al.**
(No. 1082—5306.)

Commission of Appeals of Texas, Section B. June 5, 1929.

Fitzgerald, Hatchitt & Pittman, of Wichita Falls, for plaintiff in error.

Allred & Allred, of Wichita Falls, for defendants in error.

SPEER, J. A. H. Bevering and M. L. Hooker recovered a judgment against J. Fred Smith, Ross Corlett, and Harry Pennington, jointly and severally, in the sum of $30,944.-44, with interest. Thereafter the judgment creditors accepted from Ross Corlett $1,000 and executed an instrument of release, and still later they released J. Fred Smith from the judgment. This suit was instituted by Pennington against the judgment creditors alleging that he had been released through the transaction with Corlett and praying a cancellation of the judgment in full. The trial court denied the plaintiff any relief, and that judgment was affirmed by the Court of Civil Appeals. 9 S.W.(2d) 401.

Plaintiff in error's right to recover is controlled by the legal effect to be given to the instrument of release executed by Bevering and Hooker to Ross Corlett, the settling debtor. That instrument is as follows:

"Whereas, in a suit of A. H. Bevering et al. v. J. Fred Smith et al., formerly pending in the district court of Clay County, Texas, being cause No. 4370, judgment was originally rendered in said cause, dismissing said

suit and discharging the defendants therefrom; and,

"Whereas the plaintiffs in said case appealed the same to the Court of Civil Appeals of the Second Supreme Judicial District of Texas, at Fort Worth, and by judgment entered by said court on April 8, 1922, the judgment of the district court of Clay County, Texas, was reversed, and judgment there rendered for the plaintiffs for the sum of thirty thousand nine hundred four dollars and 44/100 cents, and for the recovery of all costs incurred in said case, which judgment was rendered against the defendants, J. Fred Smith, Ross Corlett and H. Pennington; and

"Whereas, thereafter judgment was rendered by the district court of Clay county, Texas, in accordance with said judgment of the Court of Civil Appeals; and,

"Whereas, because of insolvency of the defendants, the plaintiffs have been unable to collect any part of said judgment; and,

"Whereas, all of said defendants are at this time insolvent, and the plaintiffs are unable to make any part of said judgment out of them, or any of them; and,

"Whereas, Ross Corlett, one of said defendants, has offered, at the instance and request of the plaintiffs in said judgment, to arrange to borrow the sum of one thousand dollars and pay to the said plaintiffs in cash, in consideration of the said plaintiffs agreeing to accept said payment of one thousand dollars by said Ross Corlett as full, final, and complete payment and satisfaction of said judgment, in so far as the said Ross Corlett is concerned:

"Now, therefor, know all men by these presents, that we, A. H. Bevering and M. L. Hooker, the plaintiffs in the above-entitled judgment, and the owners and holders of the same at this time, for and in consideration of the insolvency of said defendants, and of the said Ross Corlett, and of the fact that the said Ross Corlett has arranged and borrowed the sum of one thousand dollars, and this day paid the same to us, do hereby release and discharge the said Ross Corlett from any and all other and further liability of every kind and nature to us by reason of said judgment, and do hereby release and discharge said judgment in so far as the said Ross Corlett or his heirs are concerned, and do hereby further discharge and release any and all judgment liens that may be filed and existing in any county in the state of Texas by reason of said judgment, in so far as the said Ross Corlett, and any property that he now has or may hereafter acquire, is concerned, and do hereby state and declare that the payment to us of said sum of one thousand dollars by the said Ross Corlett, under the circumstances hereinabove stated, is a full and final payment and settlement of all matters between us and the said Ross Corlett, and we,

the said plaintiffs in the above-mentioned judgment, do hereby covenant to and with the said Ross Corlett at this time, and under the circumstances hereinabove stated, we will at all times hereafter protect, indemnify, and hold the said Ross Corlett harmless against any and all claims and demands of every kind and character that may be made by us, our heirs, or any person claiming by, through, or under us, or either of us, on account of the judgment hereinabove mentioned.

"Witness our hands this the 1st day of June, 1925.

"A. H. Bevering.
"M. L. Hooker."

■ The foregoing instrument constituted all of the evidence offered by plaintiff below, and, if it falls short of showing a full release of the judgment, then the judgments of the trial court and Court of Civil Appeals should be affirmed regardless of any other consideration. For, as stated by the Court of Civil Appeals, the burden of proof was upon plaintiff, Pennington, to show such release.

■ Nothing is better settled in the law of contracts than that the intention of the parties is to be gathered from the entire instrument, and that in the inquiry that construction will be adopted which gives effect to each and every part of the instrument where that is possible. To be more specific, the instrument under consideration recites the payment by Ross Corlett "as full, final, and complete payment and satisfaction of said judgment," and does "hereby release and discharge the said Ross Corlett from any and all other and further liability of every kind and nature to us by reason of said judgment, * * * and do hereby further discharge and release any and all judgment liens that may be filed and existing in any county in the state of Texas by reason of said judgment." If this language stood alone, there would, of course, be an end to the inquiry, but in each instance there is subjoined immediately the words, "in so far as the said Ross Corlett is concerned." The evident purpose of the parties then was to limit the release to Ross Corlett. Otherwise, the language last above quoted would be meaningless. To limit the release to Ross Corlett implies that the judgment is not released as to the other judgment defendants. What is implied in the written instrument is as much a part of it as though it were expressed therein. If the judgment creditors thus preserved their judgment against plaintiff in error, it was not released and plaintiff in error's suit must fail for want of proof. It has sometimes been said that the instrument of release to avoid being full and complete must reserve the right to sue the other debtors. But it would be pure literalism to require such a reservation in this case, seeing that the creditor already has sued and re-

duced his claim to judgment. The meaning of the decisions, and law, is that the instrument of release must evidence, the intention of the parties that the creditor reserves the right to proceed for the balance against the nonsettling debtor. This intention may, of course, be evidenced by any appropriate language. We think the oft-repeated qualification that the judgment was satisfied and released "in so far as Ross Corlett is concerned" unmistakably evidences the agreement of the parties that Bevering and Hooker could proceed for the balance of the judgment against the judgment debtors other than Corlett. The intention to limit the release is apparent in two respects—personally and as to liens against property. On the whole, the instrument is a contract that they will not attempt further to enforce the judgment as to Corlett.

This is the ground upon which the Court of Civil Appeals placed its affirmance of the judgment, and there is nothing we can add to the well-considered opinion by Justice Dunklin.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals affirmed.