FRANK ELSTON ET UX. V. THE CITY OF PANHANDLE.

Application No. 18802.   Decided June 1, 1932.
(50 S. W., 2d Series, 1090.)

*James Spiller*, of Panhandle, for plaintiffs in error.

PER CURIAM.—This suit, to recover damages for the closing of a street in the City of Panhandle, was filed by Elston and wife, originally against said city and the Panhandle and Santa Fe Railway Company.

By the filing of their third amended original petition the plaintiffs dropped the railway company from the suit and the case proceeded to trial against the city alone. The trial court instructed a verdict for the city and rendered judgment accordingly.

The city defended on two propositions:

1st. That its action permitting the closing of the street by the railway company is ultra vires and void, and no cause of action accrued against it by reason thereof.

2nd. That the city and railway company were joint tort feasors and the railway company having settled with the Elstons by the payment of $500, which they accepted in settlement without reservation of right or privilege to pursue the city, the city was released under the well recognized rule that when satisfaction is made by one of the joint tort feasors it is a full satisfaction and has the effect of releasing all others who may be jointly or jointly and severally liable.

It appears from the statement of the case made by the Court of Civil Appeals that as the result of an election held for that purpose, and an ordinance of the city council in pursuance thereof, the street in question was ordered closed for the private purposes of the railway company and its depot built over and across said street.

There is some conflict of testimony as to the actually physical acts in closing the thoroughfare.

Plaintiffs in error's cause of action, if any, was in tort.

We have concluded that the city's liability, if any, was as a joint tort feasor with the railway company and the Elstons having accepted from the latter a sum of money in compromise and settlement of the claim, without specially reserving the right to pursue the other tort feasor, the latter is released. There was but one injury and there can be but one satisfaction of the damages arising from the injury, whether the satisfaction was reached through the act of one or all of the tort feasors. Hunt v. Ziegler, 271 S. W., 936, 280 S. W., 546; American R. G. L. & I. Co. v. Lowe, 271 S. W., 941.

Therefore, and for that reason, the application for writ of error is refused.