## LONE STAR STATE LIFE INS. CO. v. FOSTER et al.

### No. 15360.

Court of Civil Appeals of Texas. Fort Worth.

June 27, 1952.

Rehearing Denied Sept. 12, 1952.

950

Dexter W. Scurlock, Fort Worth, for appellant.

G. R. Lipscomb, Fort Worth, for appellee, John E. Foster.

Chas. J. Murray and M. Hendricks Brown, Fort Worth, for appellee, George W. Jary.

RENFRO, Justice.

This is an appeal by the appellant, Lone Star State Life Insurance Company, from a summary judgment rendered in favor of appellees Foster and Jary. The original petition was filed in the district court of Tarrant County in July, 1950, setting out thirty-six separate and distinct alleged misappropriations or withdrawals by three individuals of funds belonging to the appellant in the aggregate sum of $69,852. It is alleged in the petition that two or all three of the defendants are jointly and severally liable on each and all of the alleged acts of wrongdoing.

On February 5, 1952, the appellees Foster and Jary filed a motion for summary judgment on the ground that the third defendant had been released by the plaintiff and that the release had the effect of releasing all the defendants. On February 13, 1952, the appellant filed a supplemental petition showing that the appellees Jary and Foster were entitled to a credit of $4,050 collected from the third defendant and asked judgment against Foster and Jary for the original amount sued for less such credit; and on February 21, 1952, appellant filed a sworn reply to appellees' motion for summary judgment contending that the release showed on its face that it released only one defendant and that a right was reserved to prosecute the cause of action against Jary and Foster.

The release agreement in question was executed on August 1, 1950, after the suit was filed, and recited that in consideration of the sum of $4,050 to it paid by Taylor, appellant released all claims, liabilities, causes of action and damages—in any manner based upon or growing out of the participation of the said Taylor in the organization and promotion of said corporation. The agreement further recites that the said Taylor did not admit liability in connection with the claims but made the settlement for the purpose of compromising a disputed claim to avoid court costs, etc. The concluding paragraph of the agreement reads: "It is further agreed that cause No. 58466–A is to be dismissed as against Taylor with prejudice to the rights of plaintiff to refile the same and at plaintiff's cost."

On August 2, 1950, the appellant moved the court to dismiss the same styled and numbered cause as to the defendant Taylor on the ground that all matters in controversy in the suit as between plaintiff and defendant Taylor had been fully settled and compromised; and on the same date the court entered its order dismissing the "above styled cause" as to the defendant Taylor.

On February 22, 1952, the trial court entered summary judgment for the appellees Foster and Jary on a finding that "the legal effect * * * of the release * * * in favor of another defendant in this cause was to release and discharge the other two named defendants from claims asserted against each of them in such petition * *."

The appellant contends the court erred in holding that the release to defendant Taylor had the effect of releasing the other two defendants in the original suit.

It is well settled that a release has the effect of releasing all tort-feasors jointly or severally liable upon the cause of action unless it clearly appears from the terms of the instrument that the amount thereunder shall only partially satisfy the claim, coupled with a reserve of the privilege of pursuing other tort-feasors. It is equally clear that where payment is made to one in settlement of the claim for damages against it only and it is understood that the other tort-feasor is not to be released from liability, but the right is reserved to demand of that other damages, he is responsible for such damages as may exceed the amount paid. St. Louis, I. M. & S. R. Co. v. Bass, Tex.Civ.App., 140 S.W. 860. The intention of the parties is to be gathered from the entire instrument and in such inquiry that construction will be adopted which gives effect to each and every part of the instrument where that is possible. Pennington v. Bevering, Sup., 17 S.W.2d 772, 773.

In construing the release agreement from its four corners, we find that the parties used the words, "based upon, arising or growing out of the participation of the said Taylor in the organization and promotion of said corporation * * *," and whether the same were known or might "arise later and including but not limited to all claims, liabilities and causes of action alleged and set forth against the said Taylor * * *." The words "dismissed as against Taylor" are used in the release agreement, in the motion filed in the district court to dismiss, and in the order of dismissal entered by the district court. We think the instrument does not show that the entire claim was settled but that it was the intention of the appellant to release only as against Taylor. The thirty-six items sued upon by appellant were set out in specific amounts and by specific dates. The terms of the release agreement using the words agreeing to dismiss the "cause of action" must be taken into consideration in connection with the other words of the instrument, such as "dismissed as to defendant Taylor." In Pennington v. Bevering, supra, the Supreme Court had before it a release agreement in which the words "in so far as the said Ross Corlett is concerned" appeared. The court held that the evident purpose of the parties then was to limit the release to Corlett. Otherwise the quoted words would be meaningless; that to "limit the release to Ross Corlett implies that the judgment is not released as to the other judgment defendants. What is implied in the written instrument is as much a part of it as though it were expressed therein." That the qualification "in so far as Ross Corlett is concerned" unmistakably evidences the agreement of the parties that the plaintiffs could proceed for the balance of the judgment against judgment debtors other than Corlett.

This court in Eckel v. First National Bank of Fort Worth, Tex.Civ.App., 165 S.W.2d 776, error refused, upheld the right of a plaintiff to pursue his claim against a co-defendant, although plaintiff had released as to a joint tort-feasor. In the opinion, the court cited with approval the rule set forth in 36 Tex.Jur., p. 822, that release of one joint tort-feasor operates as a release of all, provided that the release is an unqualified one and that the consideration was received as compensation for the injury suffered, and quoted with approval from

page 825 of the same volume, "a release of one joint tort-feasor or a discharge of his liability will not operate as a release of the others where the instrument clearly shows that such was not the intention of the parties thereto."

Appellees rely on Hunt v. Ziegler, Tex. Civ.App., 271 S.W. 936, 940, affirmed by Supreme Court, 280 S.W. 546. It will be noted that in that case the court stated, "There was no word of reservation, limitation, or restriction in the release or judgment * * * it had all the attributes of a complete final judgment, fully and completely disposing of the cause of action sued on, without reservation of any right or privilege of further satisfaction." We think the instant case is readily distinguishable on the facts from the Hunt case because of the provisions of the release agreement, motion to dismiss and dismissal order heretofore discussed.

A proper construction of the language used in the instrument in question does not show as a matter of law that the appellees were released from liability by reason of the execution thereof.

The qualification, "as to Taylor," evidences an intention of the parties that appellant could proceed against the other defendants.

It may be that on the trial of the case on its merits the appellees can show that it was the intention of the appellant to release them in the instrument hereinabove referred to. This court, in Pennington v. Bevering, 9 S.W.2d 401, affirmed 17 S.W.2d 722, and Eckel v. First National Bank of Fort Worth, supra, held that parol evidence may be introduced to show the intention of the parties in the execution of the release. See also Pearce v. Hallum, Tex.Civ.App., 30 S.W.2d 399, error refused, wherein it is stated that the intention of the parties, that is to say, the truth, should control and this may be shown by parol evidence in explanation of the writings that were executed. The above cases base their holdings upon the proposition that the rule excluding parol or extrinsic evidence to vary or contradict a written instrument has no application to controversies except those between the parties to the instrument and their privies.

Believing that the court under the circumstances erred in rendering summary judgment for the appellees, we hereby reverse said judgment and remand the cause to the District Court for trial upon the merits.