**BURGE v. FLEMING et al.**

No. 3032.

Court of Civil Appeals of Texas.
Eastland.

Oct. 2, 1953.

Thomas L. Blanton, Albany, for appellant.

Jameson & Whitten, Smith, Eplen, Bickley & Pope, Abilene, for appellees.

COLLINGS, Justice.

This suit was brought by Mildred Burge against H. T. Fleming, individually and in his official capacity as sheriff, and New Amsterdam Casualty Company, the surety on the sheriff's official bond, for false arrest and for damages growing out of the sequestration of a 1951 Mercury automobile by the Star Oil & Gas Company. Fleming pleaded, both in bar and as a defense, the prior judgment in a case which was tried in Jones County, Texas, styled Star Oil & Gas Company v. Ed Burge and Mildred Burge. He also pleaded a settlement agreement between appellant Mildred Burge and the Star Oil & Gas Company which Fleming contends had the effect of releasing not only the judgment in the Jones County case, but also gave a full and complete release which was broad enough to include any cause of action which she might have had against appellees Fleming and New Amsterdam Casualty Company. The New Amsterdam Casualty Company admitted the surety bond for the sheriff but denied liability on the ground that appellant Mildred Burge's allegations were not covered by the terms of the bond.

The court entered judgment sustaining appellees' pleas in bar, estoppel, res adjudicata and special exceptions and entered judgment that plaintiff take nothing. Mildred Burge has brought this appeal.

In several points appellant contends, in effect, that the cause of action urged in this case against Sheriff H. T. Fleming and the surety on his official bond is not the same as that tried in the Jones County case, styled Star Oil & Gas Company v. Ed Burge and Mildred Burge and in which judgment was entered on February 18, 1952, and that the release given by Mildred Burge to the Star Oil & Gas Company in the Jones County case did not settle appellant's cause of action against Sheriff Fleming; that

the court, therefore, erred in sustaining appellees' plea in bar, estoppel, res adjudicata and special exceptions and in discharging appellees from any liability. We cannot agree with this contention.

Appellant, Mildred Burge, in this cause, sued Fleming for an alleged false arrest and imprisonment and for damages growing out of the wrongful sequestration of her 1951 Mercury automobile on February 4, 1951 at Albany, Texas.

Appellant, Mildred Burge, in her cross action in the Jones County case, sued Star Oil & Gas Company and named agents and employees for the same false arrest and imprisonment and for damages growing out of the same sequestration of her 1951 Mercury automobile on February 4, 1951 at Albany, Texas. The pleadings in the Jones County case were in greater detail than in the instant case but there can be no question but that the causes of action alleged in the two cases are the same. A careful examination of the pleadings in the two cases and undisputed evidence on the hearing below show conclusively that the facts upon which the false imprisonment and the damages alleged to have been suffered because of the wrongful taking of Mildred Burge's automobile as alleged in the Jones County case, are identical with the facts alleged and plead in the instant case. In the Jones County case issues concerning the wrongful sequestration of the automobile and damage sustained were submitted to the jury but no issues were submitted concerning the false arrest and imprisonment of appellant Mildred Burge. Based upon the jury's answers to the issues, appellant was granted judgment in the sum of $1,027.65 as damages for the wrongful sequestration of her automobile. After she had given notice of appeal therefrom, she made a settlement agreement with Star Oil & Gas Company in consideration of their payment of the sum of $1,605.95, which settlement agreement provided that it was a "full and complete settlement of all claims, demands, obligations and causes of action in connection with the matters involved in said suit, as well as for all future damages resulting from matters referred to in said suit."

Appellees, H. T. Fleming and New Amsterdam Casualty Company, were not parties to the Jones County suit but Star Oil & Gas Company and Fleming were joint tort-feasors under appellant's allegations and we are of the opinion that the release executed by Mildred Burge in such case had the effect of releasing her entire cause of action for the alleged false arrest and imprisonment and wrongful sequestration.

There is no indication in the release that it was intended as part satisfaction only of appellant's cause or causes of action. It has been held that if the consideration paid by one joint tort-feasor for release is full compensation for the injury involved, other joint tort-feasors are discharged. Baylor University v. Bradshaw, Tex.Civ. App., 52 S.W.2d 1094, affirmed, Tex.Com. App., 84 S.W.2d 703; Eckel v. First Nat. Bank of Fort Worth, Tex.Civ.App., 165 S.W.2d 776.

The release under consideration provides that it is a "full and complete settlement" of all claims, demands and causes of action in connection with the matters involved in the Jones County suit and there is no language in the release contrary to or inconsistent with this provision. There is no express reservation in the release of any right against joint wrong-doers as was the case in City of Coleman v. Kenley, Tex.Civ.App., 168 S.W.2d 926. There is no implied reservation in the release of any right against joint wrong-doers as was the case in Pennington v. Bevering, Tex.Com.App., 17 S. W.2d 772, 773.

In our opinion the last above cited case is authority for the fact that the release in this case does not indicate an intention to retain the right to proceed against joint tort-feasors who were not parties to the release agreement. The following language in the case demonstrates this contention:

"To be more specific, the instrument under consideration recites the payment by Ross Corlett 'as full, final, and complete payment and satisfaction of said judgment,' and does 'hereby release and

discharge the said Ross Corlett from any and all other and further liability of every kind and nature to us by reason of said judgment, * * * and do hereby further discharge and release any and all judgment liens that may be filed and existing in any county in the state of Texas by reason of said judgment.' *If this language stood alone, there would, of course, be an end to the inquiry,* but in each instance there is subjoined immediately the words, 'in so far as the said Ross Corlett is concerned.' The evident purpose of the parties then was to limit the release to Ross Corlett. Otherwise, the language last above quoted would be meaningless. (Italics ours.)

It thus appears from the pleadings in this case and the Jones County case that appellant Mildred Burge alleged and sought recovery for but one wrongful sequestration and one false arrest and imprisonment. She alleged and sought recovery for both causes of action in the Jones County case, and now again seeks to recover for both in this case. When the trial court in the Jones County case gave her judgment for only $1,027.65, and refused to submit any issues concerning the alleged false arrest and imprisonment, she gave notice of appeal, but thereafter entered into a settlement agreement with the Star Oil & Gas Company, withdrew the notice of appeal, and executed a release. Under the terms of the release executed by Mildred Burge to the Star Oil & Gas Company in the Jones County case, $1,605.95, consideration was paid by the company and was received by appellant in full compensation for the injuries there claimed to have been suffered. She is not entitled to recover twice for the same injury or cause of action. She acknowledged payment in full for such injuries rather than part payment and the release executed was a full and complete settlement of her claim. She cannot again recover therefor. Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493; Thomas v. Pugh, Tex. Civ.App., 6 S.W.2d 202; Hunt v. Ziegler, Tex.Civ.App., 271 S.W. 936, approved by Sup.Ct., 280 S.W. 546; American Rio Grande Land & Irrigation Co. v. Lowe, Tex.Civ.App., 271 S.W. 941; Phillips v. Wright, Tex.Civ.App., 81 S.W.2d 129.

As stated in 26 Tex.Jur., 511:

"* * * a party may have but one satisfaction for an injury caused by the acts of two or more joint tort-feasors," and "although he may have judgment against all, where separate suits have been maintained against two or more joint tort-feasors and each prosecuted to judgment, the satisfaction of one judgment will release the others."

The holdings made herein require approval of the action taken by the trial court and other points need not be discussed.

The judgment of the trial court is affirmed.