**PALESTINE CONTRACTORS, INC.,**
**Appellant,**

**v.**

**Mrs. Lois PERKINS et al., Appellees.**

**No. 14284.**

Court of Civil Appeals of Texas.

Houston.

Feb. 13, 1964.

Rehearing Denied March 5, 1964.

B. R. Reeves, Palestine, and Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, attorneys, and Ralph M. Zeleskey, Lufkin, of counsel, for appellant.

Luther C. Johnston, Johnston & Johnston, Palestine, Shirley M. Helm, Helm, Jones & Pletcher, and Mabel Grey Howell, Houston, for appellees Mrs. Lois Perkins and another.

John B. McDonald, Palestine, for appellee Herman C. Conoway.

BELL, Chief Justice.

F. Perkins and his wife, Mrs. Lois Perkins, recovered judgment against appellant for $26,500.00 because of personal injuries received by Mrs. Perkins when a truck belonging to appellant collided with an automobile in which Mrs. Perkins was riding. The judgment gave appellant recovery over against Herman C. Conoway for $13,250.00, he having been brought into the suit on appellant's petition. The jury found Conoway guilty of one act of negligence which was a proximate cause of the collision between the truck of appellant and the automobile occupied by Mrs. Perkins.

We need notice the facts of the case only briefly.

On December 8, 1961, Mrs. Perkins was riding in an automobile in Palestine, Texas, that was proceeding in a southerly direction on West Palestine Avenue. This automobile was being driven on its proper side of the road. The truck of appellant was on the same street proceeding in a northerly direction. About 150 or 175 feet north of the intersection of Palestine Avenue with West Stearn Street the truck of appellant collided with the Perkins automobile on the automobile's proper side of the street. The automobile driven by Herman Conoway was, very shortly before the collision, proceeding in a westerly direction on West Stearn. He brought his automobile to a stop at a stop sign which was about two car lengths or more east of the intersection of West Stearn with West Palestine. There was also a flashing traffic control signal at the intersection of these two streets, the red part of the signal controlled traffic on West Stearn and the amber part of it controlled traffic proceeding on West Palestine. After stopping at the stop sign Conoway, without stopping at the intersection of the two streets in obedience to the flashing red signal, proceeded into the east lane of West Palestine and turned on the east lane and moved in a northerly direction. The streets were wet. The driver of the truck, when he saw the light on the rear of Conoway's car after the Conoway automobile had entered West Palestine, put on his brakes abruptly when he was about 150 feet south of the intersection. He was unable to stop his truck, lost control of it, went on Mrs. Perkins' side of the road, hit her automobile, and then hit the rear of Conoway's automobile.

The jury convicted appellant's driver of negligence in failing to keep his truck under proper control, in failing to keep a proper lookout, in operating the truck at

an excessive rate of speed, and in failing to make proper application of brakes. Each act was found to be a proximate cause of the collision. It convicted Conoway of negligence in failing to stop, in obedience to the flashing red light, before entering West Palestine and found this was a proximate cause of the collision.

Sometime after the collision the Perkinses gave Conoway a covenant not to sue. The recited consideration was $10.00 but this was not actually paid. The covenant not to sue was just that and was not a release of the Perkins' cause of action. They expressly reserved their cause of action against appellant.

After the Perkinses sued appellant, appellant filed a third party action against Conoway asserting that Conoway's negligent acts were the sole proximate cause of the collision, or, alternatively, they were contributing causes and prayed for indemnity, or, alternatively, contribution from Conoway. Appellant contended the covenant not to sue given Conoway was in fact a release and therefore was a bar to any recovery against it, or, alternatively, it released Conoway so that only one-half of the damages suffered by Mrs. Perkins could be recovered against it.

Appellant makes no complaint of the jury findings of liability against it. Complaint is of the jury finding of $16,500.00 for medical expenses, past and in the future, the fact the court rendered judgment against it for the full amount of the judgment instead of only one-half thereof, and of certain procedures at trial.

Appellant complains that since the Perkinses under the covenant not to sue gave up their right to pursue their cause of action against Conoway they could recover only one-half of their damages against it. In the covenant not to sue the Perkinses merely agreed they would not directly or indirectly sue Conoway but expressly reserved their right to proceed against appellant on their cause of action. The covenant contained no agreement by the Perkinses to indemnify Conoway against any suit over by appellant.

Appellant's position is that the Perkinses, by asserting full damages against it, are indirectly suing Conoway because it is entitled to contribution from Conoway for one-half of the damages if judgment is rendered against it for the full amount of damages found. It relies on dictum contained in Gattegno v. The Parisian, 53 S.W.2d 1005 (Com.App.). The statement there made and here relied on is as follows: "Therefore, if it be found that Gattegno and Muir are both active tortfeasors as between each other, the release having discharged Muir as to all liability to The Parisian, has at least discharged one-half its damages." See also "Contribution and Indemnity among Tortfeasors" by Professor Gus M. Hodges, 26 Texas Law Review 150.

No case has been cited us and in our independent search we have been unable to find a case that has applied the rule contended for by appellant. All cases cited and which we have found hold that a person injured by the acts of joint tortfeasors is entitled to full compensation for his injuries from any one of the joint tortfeasors. The liability of joint tortfeasors is joint and several. The injured party is not entitled to more than one satisfaction but he is entitled to full compensation for his injury. The effect of the cases is not to hold that the covenant not to sue discharges one-half the damages as stated in Gattegno v. The Parisian, supra, but rather that the injured party can assert its cause of action against the other joint tortfeasors and recover the full amount of her damages less whatever amount has been already received. The basis of the holding is that an injured party is entitled to full payment of her damages. She is entitled to receive but one satisfaction but she is entitled to full compensation. A covenant not to sue given to one joint tortfeasor that does not release the cause of action but reserves the right to pursue the cause of action against the other joint tortfeasors operates to the

benefit, in the usual case, of the other joint tortfeasors because it assures them of a definite credit on the judgment that may be rendered against them. The policy of the law is to encourage settlements and thus avoid litigation. If it is held that an injured party by agreeing not to sue one of the joint tortfeasors thereby releases one-half of his damages, regardless of whether the amount received equals one-half of the damages, then you drive all parties to the courthouse because you discourage compromises and settlements. The covenant not to sue cannot affect the other tortfeasors' rights. They are still entitled to indemnity or contribution, depending on the facts of the particular case and they are entitled to credit on the judgment for the amount already paid. Robertson v. Trammell, 98 Tex. 364, 83 S.W. 1098 (S.Ct.); Eckel v. First Nat'l Bank of Fort Worth, 165 S.W. 2d 776 (C.C.A.), writ ref.; Gillette Motor Transport Co. v. Whitfield, 186 S.W.2d 90 (C.C.A.), ref., w. m.; Friedman v. Martini Tile & Terrazzo Co., 298 S.W.2d 221 (C.C.A.), no writ hist.; Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563 (S.Ct.); Lottman v. Cuilla, 288 S.W. 123 (Com. App.); El Paso & S. R. Co. v. Darr, 93 S.W. 166 (C.C.A.); Lone Star State Life Ins. Co. v. Foster, 250 S.W.2d 949 (C.C.A.), ref., n. r. e.

Appellant also relies on the case of Panhandle Gravel Co., Inc. v. Wilson, 248 S.W.2d 779 (C.C.A.), writ ref., n. r. e. That case differs from this case. There two joint tortfeasors and their insurer received a covenant not to sue but also received an express agreement of indemnity under the terms of which the injured party would pay off any judgment procured by anyone as a result of the occurrence which was the basis of the covenant not to sue. Under such agreement if the injured party recovered damages against the other joint tortfeasor and the joint tortfeasor recovered judgment against those holding the covenant not to sue, if the non-settling tortfeasor pays the injured party and then collects what he pays from the other joint tortfeasors or their insurer, then the injured party would have to reimburse the settling tortfeasors or their insurer. The reason is not, however, the covenant not to sue but the express indemnity agreement. Where there is a mere covenant not to sue, the injured party merely agrees she will not pursue her claim against the tortfeasor who pays. And, as here, she expressly reserves the right to assert the liability of the other tortfeasors. The covenantee knows that the covenantor may obtain judgment for an additional amount against the other tortfeasor and such other tortfeasor may sue for indemnity or contribution. If the covenantee wishes protection against such he should obtain an indemnity agreement.

Appellee Conoway, against whom contribution was awarded, contends, as do the Perkinses, that this is a case where Conoway is entitled to indemnity and no judgment should have been awarded against him. We are of the view that the findings of the jury show Conoway and Appellant were in pari delicto with each other and therefore Conoway is not entitled to indemnity.

The further complaint is made that counsel for the Perkinses and Conoway combined at trial and cooperated in seeking to cast all blame on appellant. We see no error in this, but even if it were there has been no harm shown because the jury also convicted Conoway of an act of negligence which was a proximate cause of the collision. While no specific point is made, there is, in the argument concerning the unfairness of allowing counsel to combine against appellant, complaint that the trial court allowed Conoway six peremptory challenges. This was proper because appellant had sued Conoway contending Conoway's acts were the sole proximate cause of the collision and also seeking indemnity or contribution. There was antagonism between them on issues of fact. Retail Credit Co. v. Hyman, 316 S.W.2d 769 (C.C.A.), writ ref.

■ Appellant was not deprived of a fair trial, nor was he deprived of six challenges by reason of the court's ruling that Mrs. Emmons, a member of the jury panel, was not disqualified. There is serious doubt the appellant has properly brought the matter before us. Assuming that it is properly before us, no error is reflected. She did not serve on the jury, her name having been stricken from the jury list by appellant. There is nothing reflecting that appellant sought an additional peremptory challenge. Neither is there anything reflecting that appellant was required to take any juror who was subject to objection by appellant. Texas Employers' Ins. Ass'n v. Shropshire, 343 S.W.2d 772 (C.C.A.), ref., n. r. e.

■ Next appellant contends that the effect of certain proceedings was to inform the jury that Conoway had no insurance and that appellant did and that this was reversible error.

Appellant had plead as a defense that the Perkinses had released Conoway and had, therefore, released it. Testimony was introduced, as it may be, going to show there was no release but there was merely a covenant not to sue. In this connection it was shown, without objection, that the real reason for giving the covenant not to sue was to prevent Conoway from losing his driver's license which the State of Texas was threatening to suspend because of the collision here involved. It was before the jury that Conoway was a 65 year old negro, living in a rented house, drawing a pension of about $78.00 per month, who at the time of the accident was driving his son's automobile and who at that time was employed as a school bus driver. He had farmed most of his life. Also, it was in evidence the license was not taken away because of the covenant not to sue. Mr. McDonald, Conoway's attorney, was called by plaintiff's attorney. The plaintiff's attorney asked him if there were 100 people in a wreck and 99 of them were as innocent as new driven snow whether they wouldn't lose their license if they did

not have proper security on their automobile. The witness answered "Yes." The objection was made that it was hearsay and immaterial to any issue. This was overruled. Again the attorney was asked if Conoway was threatened with loss of his license. Objection was that this called for hearsay. The witness answered he knew Conoway was threatened with criminal prosecution and he knew as a matter of course certain things would occur relating to his right to drive and to have a car registered in his name. Then the witness was asked about what could be done to forestall such. Objection was made this went to the mental processes of the lawyer and what he and Conoway did out of the presence of the appellant was hearsay. The witness then explained when a person was unable to meet the financial security required by the State when he was in an accident whether he was negligent or not he was required to furnish financial responsibility and if he was unable to do so he would have his driver's license suspended. He then explained he could have filed suit to prevent suspension of the license and stated the cost of doing so. Some more questions followed. Then appellant moved for a mistrial, because of the testimony with regard to financial responsibility because it implied that appellant could meet the financial responsibility and was, therefore, indemnified by some form of insurance. It was urged that an instruction could not remove the harm. The motion was overruled. Alternatively, it was moved that the court instruct the jury not to consider the witness's testimony and to instruct counsel to adduce no evidence about financial responsibility.

While the effect was probably to show Conoway had no insurance, it was material because of appellant's contention that the Perkinses had given a complete release. Evidence to show what the facts were and that there was no release was proper. Certainly if nothing had been paid it was proper to show why a covenant not to sue was given. It would, we think, in the

light of the facts of this case, take a rather tortured construction to imply that the appellant had insurance. Financial responsibility may exist wholly independent of insurance. Appellant was a construction company that was shown to have been in business at least four years and part of its work was hauling oilfield equipment. The truck involved which belonged to it was a 1958 Chevrolet 4-ton one with a trailer. It is most reasonable to infer that such a company was by way of its own assets financially responsible.

■ If we be in error in this conclusion, we are of the view there is no reversible error. The evidence, in the light of the facts of this case, was not such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure. Appellant doesn't attack the jury's findings of liability against it either as being without evidence to support them or as being so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. We do not mean to imply it must in order to show harm, but the fact it does not supports our view that the overwhelming weight and preponderance of the evidence shows its liability. Further, the jury convicted Conoway of negligence which was a proximate cause of the injury in conformity with appellant's contention.

Appellant complains the court erred in rendering judgment based on the jury finding $16,500.00 past and future medical and hospital services because the finding is without support in the evidence and demonstrates the jury was actuated by bias, prejudice or passion in answering. Further, it says there was no evidence of what hospital services were or might be rendered and the reasonable cost thereof, and the trial court

erred in submitting the issue to the jury over appellant's objection that there was no evidence calling for its submission. We construe these points as "no evidence" points and not "insufficient evidence" points. There is no point that these damages found were excessive. Too, it complains the trial court erred in allowing the jury to speculate as to the meaning of "medical services."

■ There was a waiver of any complaint as to the failure to define medical services because there was no tender of a substantially correctly worded definition. Rule 279, T.R.C.P.

■ We need not review the evidence but it will suffice to say there was evidence of probative force to support the submission of the issue as to what hospital and medical expenses had been incurred and would probably be incurred in the future and there was evidence of probative force showing what was the reasonable cost thereof.

All points, even though not discussed, have been examined by us and found to be without merit.

■ The judgment of the trial court gave appellant judgment against Conoway for $13,250.00, without regard to whether it pays the full amount of the judgment. It is entitled to judgment for contribution only to the extent that it pays more than one-half of the judgment. Strakos v. Gehring, 360 S.W.2d 787 (S.Ct.). The judgment is therefore, reformed so as to provide: "Palestine Contractors, Inc. shall have and recover of Herman C. Conoway any and all sums in excess of one-half of the amount of the judgment here rendered against it in favor of Plaintiffs that it may pay to Plaintiffs."

As reformed the judgment of the trial court is affirmed.