**Pamela POSTON et al., Appellants,**

**v.**

**GENERAL MOTORS CORPORATION, Appellee.**

**No. 5013.**

Court of Civil Appeals of Texas, Waco.

April 1, 1971.

The Law Firm of Larry S. Parnass, James G. Clement, Irving, for appellants.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for appellee.

OPINION

HALL, Justice.

On May 11, 1968, appellants, Pamela Poston and Nancy Blythe, while passengers in a Chevrolet automobile being operated by Malcolm Warren Newcomb, received personal injuries when the vehicle was involved in a one-car accident. Appellants made claims for their damages against Newcomb. The claims were settled, with Pamela Poston receiving $5,500 and Nancy Blythe receiving $1,500. Except for the amount of recited consideration, appellants executed identical releases to Newcomb on July 31, 1968. Their attorney signed the releases as witness.

Subsequently, appellants filed this products liability action against appellee, alleging that appellee was the manufacturer of the automobile; that the rear axle and wheel assembly of the vehicle were inherently defective when appellee delivered it to the dealer who sold it to Newcomb; and that these defects caused the accident. Appellee sought and was granted a summary judgment upon the ground that the releases executed by appellants to Newcomb operated to release appellee as a matter of law. We affirm.

Each contract of release provides that in consideration of the money received the claimant does for herself, her heirs, executors, administrators and assigns, "release, acquit and forever discharge Malcolm Warren Newcomb and any and all other persons, firms and corporations, of and from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses, compensation, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from accident that occurred on or about the 11th day of May, 1968 * * *;" that "this release contains the entire agreement between the parties hereto, and the terms of this release are contractual and not a mere recital;" that the

claimant has "carefully read the foregoing release and knows the contents thereof;" and that she signs the same as her "own free act."

It is appellants' contention that the summary judgment was improper because their pleadings and affidavits present a fact question "concerning whether the parties to the releases intended that the settlement releases would cover or apply to the appellee, a stranger to the releases."

Appellants' answer to appellee's motion for summary judgment and their affidavits filed in support of their answer do not question the execution of the releases, nor seek to avoid them because of mutual mistake, fraud, or any such illegality. They pleaded that "the intent of the parties to the releases relied upon by (appellee) was to accept settlement from the driver as partial compensation for their injuries and damages and that at no time did they intend to release (appellee) from any liability whatsoever." In their affidavits, which were identical except for the recitations of the amount of money each received from Newcomb, appellants stated that "during the month of July, 1968, approximately two months after the accident, I was advised that there had been a settlement offer made by the driver's liability insurance carrier. This offer was in the sum of * * *. At this time, I had been advised and was aware that the true extent of my injuries and the period necessary for complete recovery, were uncertain and indeterminable at the time. However, by this time, I had already accumulated considerable medical bills and expenses and was in need of funds with which to pay these expenses. Therefore, I did consent to settle with the driver and release him from further liability in consideration for the payment of partial compensation in the amount of * * *. At all time during this period I was aware of my claims against both the driver and the manufacturer of the automobile. In accepting the * * *, it was my intention to settle only with the driver and I didn't intend in any

way to release the automobile manufacturer from liability. It was the existence of my remaining claim against the manufacturer which induced me to accept the settlement offer from the driver."

Under the record, any liability on the part of appellee was that of a joint tortfeasor with Newcomb; and this is the only position taken by appellants in their brief.

■ A person having been injured by a single set of circumstances sustains but one injury and is entitled to receive but one satisfaction therefor, although more than one person may contribute to the injury. Riley v. Industrial Finance Service Co., 157 Tex. 306, 302 S.W.2d 652, 655 (1957).

■ It is the general rule in this state that unless the language of release shows that the intention of the parties thereto was not to discharge tort-feasors not parties to the release, but that the injured party is reserving his cause of action as to such unreleased wrongdoers, then a valid release of one or more joint tort-feasors by the injured party will release all other tort-feasors who contributed to the wrong. Elston v. City of Panhandle, 121 Tex. 553, 50 S.W.2d 1090 (1932); Riley v. Industrial Finance Service Co., supra.

Appellants seek to show what they contend is the legal effect of the instruments of release by the tender of proof of their reasons for settlement with Newcomb and of what they intended thereby. No suggestion is made by appellants that the releases were procured through mutual mistake, fraud, or any illegality. The language of the releases do not indicate an intention not to discharge appellee or to reserve any causes of action appellants might have against appellee. Rather, while admittedly aware of the claim they now make against appellee, appellants, with the advice of legal counsel and for "valuable considerations," expressly released Newcomb and *"any and all other persons, firms, and corporations * * * from any and all causes of actions, claims, * * * damages*

\* \* \* *resulting or to result from* \* \* \*" the accident upon which this suit is based.

 The contracts of release are complete and unambiguous, and we hold that as a matter of law their language is sufficiently broad to operate to release any claims the appellants had at the time of execution as a result of the accident, including appellants' claim against appellee. See Morison v. General Motors Corporation, 428 F.2d 952 (5th Cir., 1970), cert. den. 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141 (1970). Under the record, appellants' proof of their intentions in executing the settlement agreement, and their reasons therefor, are barred by the extrinsic evidence rule; Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S.W. 322, 323 (1905); White, Ward & Erwin v. Hager, 112 Tex. 516, 248 S.W. 319, 322; 50 Tex. Jur.2d 45, Release, Sec. 35; 23 Tex.Jur.2d 500, Evidence, Sec. 342; and "it matters not that the defendants who invoke the rule are not parties to the instrument." Cannon v. Pearson (Tex.Sup., 1964) 383 S.W.2d 565, 570.

The judgment is affirmed.

McDONALD, C. J., not participating.